UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDGAR SANCHEZ,

                                Plaintiff,

   -against-

EZ PARKING CORPORATION, EK PREMIER SERVICES LLC, and YAN MOSHE, individually,

                              Defendants.
-----------------------------------------------------------------X

**Case No.:** 1:23-cv-4052 (AMD) (VMS)

**DEFENDANT EK PREMIER SERVICES LLC'S REPLY TO DEFENDANT YAN MOSHE'S CROSS-CLAIMS**

Defendant EK Premier Services LLC ("EK Premier"), by and through its attorneys, Milman Labuda Law Group PLLC, hereby submits this Reply to Defendant Yan Moshe's ("Moshe") Answer with Cross-Claims (the "Cross-Claims") as follows:

**AS TO "AS AND FOR A FIRST CROSS-CLAIM DEFENDANT MR. MOSHE ALLEGES AS AGAINST CO-DEFENDANTS EZ PARKING CORPORATION AND EK PREMIER SERVICES LLC AS FOLLOWS: CONTRIBUTION"**

1. ¶ 103 of the Cross-Claims calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in ¶ 103 of the Cross-Claims.

**AS TO "AS AND FOR A FIRST CROSS-CLAIM DEFENDANT MR. MOSHE ALLEGES AS AGAINST CO-DEFENDANTS EZ PARKING CORPORATION AND EK PREMIER SERVICES LLC AS FOLLOWS: INDEMNIFICATION"**

2. ¶ 104 of the Cross-Claims calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in ¶ 103 of the Cross-Claims.

## EK PREMIER'S AFFIRMATIVE DEFENSES TO CROSS-CLAIMS

### FIRST AFFIRMATIVE DEFENSE

3. Moshe's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

4. Moshe's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

5. Damages alleged in the Cross-Claims are speculative in nature.

### FOURTH AFFIRMATIVE DEFNESE

6. Moshe's claims are barred, in whole or in part, by the doctrines of waiver, release, laches, estoppel, unclean hands, and equitable and/or judicial estoppel.

### FIFTH AFFIRMATIVE DEFENSE

7. EK Premier has met and satisfied any and all obligations to Moshe, and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

8. Moshe's claims for damages are barred, in whole or in part, by Moshe's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

9. The causes of action herein have been waived and/or are barred by reason of Moshe's failure to give proper and timely notice to EK Premier of his claims.

### EIGHTH AFFIRMATIVE DEFENSE

10. The Cross-Claims are barred, in whole or in part, by the doctrine of payment.

### NINTH AFFIRMATIVE DEFENSE

11.     The claims in the Answer to Amended Complaint with Cross-Claims are barred, in whole or in part, by *res judicata* and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

12.     Moshe is not entitled to damages by EK Premier.

### ELEVENTH AFFIRMATIVE DEFENSE

13.     To the extent EK Premier is found liable, it is entitled to a set-off.

### TWELFTH AFFIRMATIVE DEFENSE

14.     Any damages alleged in this action (if any are in fact sustained) were caused by the acts or omissions of others, including Moshe, for which EK Premier has no legal responsibility or culpability.

### THIRTEENTH AFFIRMATIVE DEFENSE

15.     This action is barred, in whole or in part, as a result of Moshe's own wrongful and dilatory conduct and his own actions or inactions.

### FOURTEENTH AFFIRMATIVE DEFENSE

16.     Moshe is precluded from receiving any relief by virtue of his own conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

17.     The Cross-Claims fail to state a case of actual controversy between the parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

18.     Moshe failed to establish the existence of a valid agreement with EK Premier.

### SEVENTEENTH AFFIRMATIVE DEFENSE

19.     Moshe's purported contract is unenforceable as a matter of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

20. There is no privity of contract between Moshe and EK Premier.

### NINETEENTH AFFIRMATIVE DEFENSE

21. Moshe did not adequately perform under any alleged contract.

### TWENTIETH AFFIRMATIVE DEFENSE

22. Moshe did not suffer damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

23. Even assuming *arguendo* that there is a valid contract between Mr. Moshe and EK Premier (which there is not), EK Premier disputes the amount(s) which Moshe claims is owed and submits that the amount(s) claimed cannot be proven as a sum certain.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. EK Premier did not breach the contract(s), agreement(s), or understanding(s), if any, allegedly entered into with Moshe.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. If Moshe should prove the recoverable damages to any degree, EK Premier is entitled to an off-set or reduction against any alleged damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. The Answer to Amended Complaint with Cross-Claims is barred, in whole or in part, by a lack of causation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27. Moshe did not permit EK Premier to participate in the defense of any claims he seeks indemnification for, such that he has waived his claim for indemnification.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28. EK Premier reserves the right to raise additional affirmative defense and to supplement those asserted herein upon discovery of further information and investigation into Mr. Moshe's claims. These additional defenses cannot be articulated due to Mr. Moshe's failure to properly describe his claims with sufficient particularity in the Answer to Amended Complaint with Cross-Claims.

## PRAYER FOR RELIEF

**WHEREFORE**, EK Premier demands the following:

a. Judgment dismissing all Cross-Claims by Moshe against EK Premier;

b. Together with such other and further relief as the Court deems just and proper.

## EK PREMIER DEMANDS TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, EK Premier demands a trial by jury on all questions of fact raised in this case.

Dated: Lake Success, New York
December 22, 2023

**MILMAN LABUDA LAW GROUP PLLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
David Aminov, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com
daminov@mllaborlaw.com

*Attorneys for Defendant*
*EK Premier Services LLC*