# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 12, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201-1804

      *Re:*   <u>**Sanchez v. EZ Parking Corporation,** *et al.*</u>
             <u>**Case No.: 1:23-cv-4052 (AMD) (VMS)**</u>

Dear Judge Donnelly:

      This firm represents Defendant EK Premier Services LLC (hereinafter "EK Premier"). <u>See</u> ECF Docket Entries <u>12</u> and 18. EK Premier respectfully submits this letter motion in accordance with ¶ 4(A) of this Court's Individual Motion Practices and Rules (hereinafter the "Individual Rules") to respectfully request: (i) a pre-motion conference in anticipation of EK Premier's motion to dismiss Plaintiff Edgar Sanchez's (hereinafter "Sanchez" or "Plaintiff") First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"); and (ii) a mediation referral Order pursuant to Local Civil Rule 83.8 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (hereinafter the "Local Rules" or "LCR"). EK Premier provides the basis of its anticipated motion as required by the Individual Rules below.

**<u>Relevant Procedural and Factual Background</u>**

      On June 1, 2023, Plaintiff commenced this case asserting causes of action under: (i) the New York Labor Law ("NYLL") for unpaid minimum wages; (ii) the Fair Labor Standards Act ("FLSA") and the NYLL for unpaid overtime wages; (iii) the NYLL for unpaid spread of hours premiums; (iv) the NYLL for failure to furnish wage notices; and (vi) the NYLL for failure to provide wage statements. <u>See</u> ECF Docket Entry <u>1</u>.

      On September 27, 2023, EK Premier appeared by counsel and requested an extension of time to respond to the Complaint, the Hon. Vera M. Scanlon, U.S.M.J. ("Judge Scanlon") granted. <u>See</u> ECF Docket Entries <u>12</u> and <u>13</u>; <u>see also</u> Text Only Order dated October 2, 2203. On November 1, 2023, Plaintiff exercised his right to amend the complaint and filed the FAC. <u>See</u> ECF Docket Entry <u>14</u>. Pursuant to Rule 15, a response to Plaintiff's FAC was due on or before November 15, 2023. <u>See</u> Fed. R. Civ. P. 15(a)(3). On January 4, 2024, EK Premier sought an extension of time to respond to the complaint until today with the consent of the Plaintiff, which Judge Scanlon also granted. <u>See</u> ECF Docket Entry <u>23</u> and Text Only Order dated January 8, 2024.

Hon. Ann M. Donnelly, U.S.D.J.
January 12, 2024
P a g e | 2

**This Court Should Dismiss Plaintiff's Wage-and-Hour Claims for Failure to State a Claim**

Plaintiff alleges that he generally worked approximately eighty-four (84) hours each week, barring two (2) days off each month and a two-week vacation, between January 2016 until on or about March 6, 2023, and was paid $12.00 per hour "and cash for additional hours worked," but was not compensated for all hours worked.[1] See ECF Docket Entry 14 at ¶¶ 24-39 ("Throughout his employment with Defendants, Plaintiff was not compensated at the appropriate overtime rate of pay for the hours he worked in excess of 40 hours per week").

The FLSA requires that a covered employee be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week. See 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. See 12 NYCRR § 142–2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL). "[T]o survive a motion to dismiss [an FLSA overtime claim], [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than [forty (40)] hours." See Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013).

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to state a claim. See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89-90 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570); Nakahata, 723 F.3d at 199-201; Gisomme v. HealthEx Corp., No. 13-CIV.-2541, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (concluding Plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given workweek" (internal quotation marks omitted)).

Here, Plaintiff fails to remotely meet the plausibility standard required to state a claim for his wage-and-hour causes of action. He fails to identify a single week in which he worked and was not paid at least the minimum or any overtime wages.  He similarly fails to allege with any specificity how much he was paid, stating that he was paid $12.00 per hour for the first forty (40) hours, and that he was paid cash for additional hours without specifying how much he received.

---

[1] Plaintiff references four (4) time periods in which he claims he was allegedly not compensated for all hours worked. The first time period allegedly ran from in or around January 2016 to on or about February 29, 2020, in which he allegedly worked seven (7) days per week, twelve (12) hours each day, with the exception of two days off per month. See Docket Entry 14 at ¶¶ 25-27. The second time period allegedly ran from on or about March 1, 2020, until on or about December 31, 2020, in which plaintiff worked seven (7) days per week, twelve (12) hours each day. Id. at ¶¶ 28-29. The third time period allegedly ran between on or about January 1, 2021, until on or about November 30, 2022, in which plaintiff worked seven (7) days per week, twelve (12) hours each day with the exception of two (2) days off per month and a two (2) week vacation. Id. at ¶¶ 30-33. Finally, the fourth time period allegedly ran from on or about December 1, 2022, until on or about March 6, 2023, in which Plaintiff worked seven (7) days a week, twelve (12) hours each day. Id. at ¶¶35-36.

Hon. Ann M. Donnelly, U.S.D.J.
January 12, 2024
P a g e | 3

Accordingly, his wage-and-hour claims must be dismissed for failure to state a claim upon which relief can be granted.

**This Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims**

The only basis for this Court to have subject matter jurisdiction is the federal question posed by Plaintiff's sole FLSA claim. See 28 U.S.C. § 1331.  EK Premier respectfully submits that this Court should decline to exercise supplemental jurisdiction over the causes of action under the NYLL in this case except for the overtime and minimum wage claims, which should be dismissed for the same reasons set forth *supra*.

When a district court has original jurisdiction over claims in a case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III.'" See F5 Capital v. Pappas, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)).

"Pendent jurisdiction ... exists whenever there is a claim 'arising under [federal law],' *and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"* See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (quoting U.S. Const. art. III, § 2) (emphasis added))).

Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (quoting Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

Here, only one cause of action arises under the FLSA for alleged unpaid overtime wages. As such, while the NYLL claims for overtime wages properly falls within a common nucleus of operative facts with the FLSA claim, the remaining causes of action under the NYLL related to (i) wage notice violations; (ii) allegedly unpaid spread-of-hours compensation; (iii) wage statement violations; and (iv) allegedly unpaid minimum wages have no common nucleus of operative facts with Plaintiff's FLSA overtime claim.

Accordingly, this Court should dismiss decline to exercise supplemental jurisdiction over the remaining NYLL claims as they cannot be considered "part of the same case or controversy" nor "derive from a common nucleus of operative fact."

For the foregoing reasons, EK Premier respectfully submits that its request for a pre-motion conference be granted.

Hon. Ann M. Donnelly, U.S.D.J.
January 12, 2024
P a g e | 4

<table>
<tr><td>Dated: Lake Success, New York<br>January 12, 2024</td><td>Respectfully submitted,<br><br>**MILMAN LABUDA LAW GROUP PLLC**<br><br>_____/s_____<br>Emanuel Kataev, Esq.<br>David Aminov, Esq.<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042-1073<br>(516) 328-8899 (office)<br>(516) 328-0082 (facsimile)<br>emanuel@mllaborlaw.com<br>daminov@mllaborlaw.com<br><br>*Attorneys for Defendant*<br>*EK Premier Services LLC*</td></tr>
</table>

**VIA ECF**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017
v.bauer@verizon.net

*Attorneys for Plaintiff*
*Edgar I. Sanchez*

**VIA ECF**
The Russell Friedman Law Group, LLP
<u>Attn</u>: Charles H. Horn, Esq. and Spencer David Shapiro, Esq.
400 Garden City Plaza, Suite 500
Garden City, NY 11530
chorn@rfriedmanlaw.com
sshapiro@rfriedmanlaw.com

*Attorneys for Defendant/Cross-claimant*
*Yan Moshe*