# LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor            Tel:  212-575-1517
New York, NY 10017

January 19, 2024

The Honorable Ann M. Donnelly
United States District Court, EDNY
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:   Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Donnelly:

  I represent Plaintiff in the above-referenced matter. I write in response to Defendant EK Premier's January 12 letter application for a pre-motion conference concerning a potential motion to dismiss the Amended Complaint filed in this action pursuant to FRCP 12(b)(6).  As set forth below, such a motion would be futile, as the Amended Complaint is adequately pled, and any deficiency in the pleadings could be readily rectified by minor amendments to the Amended Complaint.

## **Plaintiff's Wage and Hour Claims are Adequately Pled**

  Plaintiff respectfully submits that EK Premier is basing its motion upon a misrepresentation of the allegations in the Amended Complaint.  In that regard, EK Premier suggests that Plaintiff alleges that he "generally" worked 84 hours per week. In fact, Plaintiff's allegations are far more specific and detailed.  An example follows:

> 24. From in or around 2011 until on or about March 6, 2023, Sanchez worked as a parking valet for Defendants.
> 25. From in or around January 2016 until on or about February 29, 2020 ("Time Period #1"), Plaintiff worked seven days per week.
> 26. During Time Period #1, Plaintiff would take off two days per month. To do this, Plaintiff would have to "farm out" his shift—in other words, Plaintiff would hire another person to perform his job for the day.
> 27. During Time Period #1, Plaintiff worked from 7:00 p.m. until 7:00 a.m.

  Docket Entry 14, ¶¶24-27.

Thus, EK Premier's assertion that Plaintiff "fails to identify a single week in which he worked and was not paid at least the minimum or any overtime wages" is baseless. From the foregoing allegations, the reader can determine the precise hours worked by Plaintiff for both each of the weeks in which Plaintiff worked himself seven days, and also for those weeks in which he was forced to farm out a day's work in order to provide his employer with coverage and still get one day off per week. Additionally, although Plaintiff did not maintain records which would permit him to identify exactly which weeks were worked entirely by him, Plaintiff states with specificity how many weeks per month involved Plaintiff farming out work, and how many weeks per year were vacation weeks. From this detail, Plaintiff's exact damages can be, and have been, calculated.

Courts in this Circuit are clear that, to plead a plausible claim, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours". Lundy v. Catholic Health System of Long Island, 711 F. 3d 106, 114 (2d. Cir. 2013). See also Nakahata v. New York Presbyterian Healthcare Sys, Inc., 723 F. 3d 192, 201 (2d. Cir.2013) (holding that a plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than 40 hours). Allegations of hours worked are not required to be pled with mathematical precision. DeJesus v. HF Management Services, LLC, 726 F. 3d 85, 90 (2d Cir. 2013).

The case law cited by EK Premier is inapposite. In that regard, the allegations in the cases cited by EK Premier are far less specific, with the plaintiffs in those cases alleging that they regularly worked more than 40 hours per week, or an average of 50 hours or more per week. Thus, there is no basis for the argument that Plaintiff has not adequately pled his work schedule in the Amended Complaint.

Plaintiff has also adequately pled the wages paid to him. In that regard, Plaintiff alleges: "Throughout Plaintiff's employment, Defendants paid Plaintiff $12 per hour by check for the first 40 hours worked by him per week, and cash for additional hours worked in a given week."

Docket Entry 14, ¶ 37.  Plaintiff respectfully submits that EK Premier's attack on these allegations is based upon a misreading of same.  The import of that paragraph is that Defendants paid Plaintiff $12 per hour by check for the first 40 hours worked per week, and **$12 per hour in** cash for additional hours worked in a given week.  From those specific factual allegations, one can readily determine whether and to what extent the payments made to Plaintiff for each week of his employment failed to meet legal requirements.  To the extent the Court believes that adding the bolded language is necessary to clarify Plaintiff's allegations, Plaintiff respectfully requests leave to amend the Amended Complaint to add that language.

**This Court Should Exercise Pendent Jurisdiction over Each of Plaintiff's NYLL Claims**

EK Premier also seeks leave to move to dismiss Plaintiff's NYLL claims relating to wage notices, wage statements, and unpaid spread of hours pay, based solely upon the argument that, according to EK Premier, those claims are unrelated to, and do not arise out of the same nucleus of operating facts as, Plaintiff's FLSA overtime claim.  Perhaps not surprisingly, EK Premier cites no authority to support that proposition.  Indeed, courts addressing this issue hold that sets of claims in fact arise out of the same nucleus of operative fact where both sets of claims involve allegations that the defendants were employers who denied a plaintiff wages and overtime payment, and, where, as here, the contested facts in those claims all stem from the same time period, the same location, and the same overall circumstance.  Chen v. Oceanica, 2018 U.S. Dist. LEXIS 140925 (EDNY August 17, 2013).  In other words, because the allegations in both the FLSA claims against defendants and NYLL claims share approximately the same set of events, they are considered to be part of a common nucleus of operative fact. Id., citing Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002).  It also bears mention that, if the pendent claims are dismissed for jurisdictional reasons, they will need to be re-filed in New York State Supreme Court.  Splitting the respective causes of action, therefore, would work great judicial inefficiency.  Thus, there is no basis for dismissal of Plaintiff's NYLL law claims.

Respectfully submitted,

/s/

Vincent E. Bauer