UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGAR SANCHEZ,

                                  Plaintiff,          **SECOND AMENDED COMPLAINT**

   - against -

EZ PARKING CORPORATION,
EK PREMIER SERVICES LLC, and
YAN MOSHE, individually,

                                Defendants.
------------------------------------------------------------------X

       Plaintiff Edgar Sanchez ("Sanchez" or "Plaintiff"), by and through his attorneys, The Law Offices of Vincent E. Bauer, complaining of Defendants EZ Parking Corporation ("EZ Parking"), EK Premier Services LLC ("EK Premier") (collectively, "Corporate Defendants"), and Yan Moshe ("Moshe") (collectively, with Corporate Defendants, "Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid minimum wages, overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law ("NYLL"), §§ 190 *et seq.*

2. Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, in violation of to NYLL §§ 190 *et seq.* and the supporting regulations.

3. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff Edgar Sanchez

7. Plaintiff is an adult individual residing in Queens County, New York.

8. Plaintiff worked for Defendants from 2011 until on or about March 6, 2023.

9. Plaintiff was employed as a parking valet.

10. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Corporate Defendants

11. Defendant EZ Parking is a New York Corporation operating in the parking industry, having its principal place of business at 63-36 99th Street, Rego Park, NY, 11374-1979.

12. At all times relevant to this action, EZ Parking was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. At all relevant times, EZ Parking had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

14. Upon information and belief, Defendant EZ Parking also operates and is registered under the name EK Premier Services LLC.

15. Defendant EK Premier is a New York Corporation operating in the parking industry, having its principal place of business at 63-36 99th Street, Rego Park, NY, 11374-1979.

16. At all times relevant to this action, EK Premier was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. At all relevant times, EK Premier had (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

18. At all relevant times, the EZ Parking and EK Premier operated together as a single business enterprise. The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiff.

**Defendant Yan Moshe**

19. Defendant Yan Moshe is a person engaged in business in Queens County, New York, who is sued individually in his capacity as owner, officer, and/or agent of EZ Parking and EK Premier.

20. Upon information and belief, Moshe is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.  In that regard, Plaintiff was repeatedly informed by the managers (in whose names the companies were registered and two of whom were related to Moshe) and other employees of both EZ Parking and EK Premier that Moshe was the real owner and boss of those companies.  More specifically, Plaintiff was repeatedly told that Moshe had to

approve any significant expenses of the corporate Defendants, and made other significant decisions, including a decision to raise parking rates. Moshe is also an owner of the building in which the parking garage of EZ Parking and EK Premier is located, as well as an apparent rent-stabilization cheat. [https://patch.com/new-york/foresthills/rego-park-developer-fined-flouting-rent-stabilization-rules](https://patch.com/new-york/foresthills/rego-park-developer-fined-flouting-rent-stabilization-rules).

21. Upon information and belief, Moshe maintains control, oversight and direction over Corporate Defendants.

22. Upon information and belief, Moshe exercises sufficient control over Corporate Defendants and Plaintiff's working conditions to be considered Plaintiff's employer under the FLSA and NYLL.

23. At all times material hereto, Moshe had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Corporate Defendants.

## STATEMENT OF FACTS

**Plaintiff's Employment with Defendants**

24. From in or around 2011 until on or about March 6, 2023, Sanchez worked as a parking valet for Defendants.

25. From in or around January 2016 until on or about February 29, 2020 ("Time Period #1"), Plaintiff worked seven days per week.

26. During Time Period #1, Plaintiff would take off two days per month. To do this, Plaintiff would have to "farm out" his shift—in other words, Plaintiff would hire another person to perform his job for the day.

27. During Time Period #1, Plaintiff worked from 7:00 p.m. until 7:00 a.m.

28. From on or about March 1, 2020 until on or about December 31, 2020 ("Time Period #2"), Plaintiff worked seven days per week.

29. During Time Period #2, Plaintiff worked from 7:00 p.m. until 7:00 a.m.

30. From on or about January 1, 2021 until on or about November 30, 2022 ("Time Period #3"), Plaintiff worked seven days per week.

31. During Time Period #3, Plaintiff worked from 7:00 p.m. until 7:00 a.m.

32. During Time Periods #3, Plaintiff would take off two days per month by farming out his shifts.

33. Additionally, during Time Period #3, Plaintiff took off two weeks of work by farming out his shifts.

34. These two weeks were Sanchez's only vacation during his employment with Defendants.

35. From on or about December 1, 2022 until on or about March 6, 2023 ("Time Period #4"), Plaintiff worked seven days per week.

36. During Time Period #4, Plaintiff worked from 7:00 p.m. until 7:00 a.m.

37. Throughout Plaintiff's employment, Defendants paid Plaintiff $12 per hour by check for the first 40 hours worked by him per week, and $12 per hour in cash for additional hours worked in a given week.

38. Throughout his employment with Defendants, Plaintiff was regularly scheduled to work more than 40 hours each week.

39. Throughout his employment with Defendants, Plaintiff was not compensated at the appropriate overtime rate of pay for the hours he worked in excess of 40 hours per week.

40. Defendants did not pay Plaintiff an amount equal to one hour's pay at the relevant minimum wage when his workdays lasted ten (10) or more hours.

41. Defendants never required Plaintiff to "clock in" or "clock out."

42. Upon hiring Plaintiff, Defendants never provided Plaintiff with a written wage notice setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

43. When Plaintiff was paid by Defendants, Defendants did not provide Plaintiff with a notation or any other documentation of his hours worked during that pay period or his rate of pay.

44. By failing to provide Plaintiff with accurate written wage statements accompanying each paycheck, Defendants prevented Plaintiff from realizing that Defendants were unlawfully depriving him of overtime wages. Specifically, if Plaintiff had been provided an accurate accounting of his hours worked alongside his weekly wage, Plaintiff would have been put on notice that he was not receiving time and a half his regularly hourly rate of pay for hours worked after the first 40 hours.

45. During Plaintiff's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Defendants' Violations of the Wage Theft Prevention Act**

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

47. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

48. Plaintiff was never given a proper notice, in English and his native language, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

6

piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
## Unpaid Minimum Wages in Violation of the New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL.

51. Through their knowing or intentional failure to pay Plaintiff minimum wages for all hours worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

52. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
## Unpaid Overtime Wages in Violation of the Fair Labor Standards Act

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

7

55. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

56. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

58. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL.

61. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYLL.

62. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the

   NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**Unpaid Spread of Hours Premiums in Violation of New York Labor Law**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to pay Plaintiff an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiff worked more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the supporting regulations.

66. Through their knowing or intentional failure to pay Plaintiff these spread-of-hours premiums, Defendants have willfully violated the NYLL.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Wage Notices in Violation of New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid

by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

10

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

74. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) Damages for the unpaid minimum wages and unpaid spread-of-hours premiums due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(b) Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA and NYLL;

(c) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, § 198;

(d) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

11

(e) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For the costs and disbursements of the action, including attorney's fees; and,

(h) For such other further and different relief as the Court deems just and proper.

Dated: February 15, 2024
New York, New York

By: */s/ Vincent E. Bauer*
Vincent E. Bauer
Law Offices of Vincent E. Bauer
425 Madison Avenue, 17th Floor
New York, NY 10017
(212) 575-1517

*Attorneys for Plaintiff*