## LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor                                           Tel: 212-575-1517
New York, NY 10017

VIA E-FILING

April 10, 2024

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:   Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Scanlon:

I represent Plaintiff in the above-referenced matter. I write to request a pre-motion conference regarding several deficiencies in the discovery responses of Defendant EK Premier Services, in contemplation of a motion to compel.

On March 5, EK Premier served its responses and objections to Plaintiff's interrogatories and document demands. Those responses are attached as Exhibit 1. Because there were deficiencies in those responses, I wrote to counsel via email to request that we meet and confer regarding the issues identified in that email (Exhibit 2).

In that email, I raised three issues concerning EK Premier's responses to Plaintiff's document requests. First, I asked EK Premier to clarify whether, where a response included an objection and then an indication that either EK Premier would produce documents or were not in possession of same, documents were being held on the basis of objection. Second, in Request No. 5, Plaintiff requested documentation concerning the relationship between EK Premier and

Defendant Yan Moshe relating to the parking of Defendant Moshe's autos in the EK Premier garage.  In response to EK Premier's refusal to produce documents responsive to that request, I explained that that documentation is necessary to establish that Moshe, the actual owner of EK Premier, was not charged to park his autos in the EK Premier garage, an indication of a special relationship between EK Premier and Moshe.  Third, in Requests Nos. 7-10, Plaintiff requested various documents concerning the incorporation of EK Premier and the relationship between EK Premier and other entities concerning the subject parking garage.  In response to EK Premier's objection, I explained that those documents went to the issues of when EK Premier was in operation, which individual or entity they replaced in that role, and who operated EK Premier.

I also raised the following issues concerning Plaintiff's interrogatory responses:

With respect to Interrogatory No. 1, EK Premier claimed privilege as a basis for not identifying potential witnesses.  In response, I explained that that interrogatory does not call for attorney-client privileged information.  Similar to Rule 26 disclosures, the interrogatory calls for EK Premier to identify those people who have factual knowledge of the claims and defenses in this case. Those issues include Plaintiff's hours worked, amounts paid to Plaintiff, and the ownership and operation of the parking garage at each point during the relevant period.

With respect to Interrogatory No. 3, EK Premier refused to provide contact information for EK Premier employees, who are obviously potential witnesses concerning the question of the hours worked by Plaintiff, and also who actually owned and operated EK Premier.  More specifically, I explained that the interrogatory calls for identification of individuals who performed work at the subject parking garage and were paid by EK Premier.

With respect to Interrogatory No. 4, in response to that interrogatory, which calls for the identification of witnesses with knowledge of the formation of EK Premier, and how it came to

operate the subject parking garage, EK Premier made an entirely non-specific relevance objection. In response, I explained that EK Premier has made a central issue in this case whether it assumed the operation of the subject parking garage from another company or, as it asserts, by coming upon a dormant parking garage and beginning to operate it without any agreement or other documentation. I further explained that Plaintiff plainly has the right to explore the legitimacy of EK Premier's defense.

On March 20, 2024, counsel met by phone to discuss the outstanding issues. Counsel to EK Premier indicated that he would inquire as to my questions and to provide final positions regarding the open items. He finally did so on April 3, 2024, via email (Exhibit 3). In that email, counsel curiously first indicated that, in response to Document Requests 1, 3, and 4, EK Premier withheld documents from production without indicating that it was doing so. With respect to Request No. 5, EK Premier indicated that it will produce responsive documents, but has not yet done so after months. And EK Premier continued to refuse to produce documents requested in Requests 7-10 which, as explained above, are necessary to the prosecution of this case.

With respect to Plaintiff's Interrogatories, EK Premier's only response to the outstanding issues was to provide woefully inadequate Rule 26 disclosures, and in fact identified only Plaintiff, Defendant Moshe, and an unnamed 30(b)(6) representative of EK Premier therein. (Exhibit 4). In short, EK Premier's counsel is attempting to play cute, and is plainly shirking discovery obligations.

I requested an additional conference with EK Premier's counsel, who has not responded to that request. As a result of the foregoing, Plaintiff respectfully requests a conference to discuss a potential motion to compel, and for sanctions against EK Premier for its vexatious attempts to

prolong discovery and to avoid its obligations therein.

Respectfully submitted,

/s/

Vincent E. Bauer