UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDGAR SANCHEZ,

                              Plaintiff,

             -against-

EZ PARKING CORPORATION, EK PREMIER
SERVICES LLC, and YAN MOSHE, individually,

                            Defendants.
----------------------------------------------------------------X

Case No.: 1:23-cv-4052 (AMD) (VMS)

**DEFENDANT EK PREMIER SERVICES LLC'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant EK Premier Services LLC (hereinafter "EK Premier" or "Defendant"), by and through his attorneys, Milman Labuda Law Group PLLC, responds to Plaintiff's First Request for the Production of Documents as follows:

**GENERAL OBJECTIONS**

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4. The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5. Defendant objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6. Defendant objects to Plaintiff's demands to the extent they are so overboard that they impose an undue burden.

7. Defendant objects to Plaintiff's demands to the extent they are unreasonably vague and ambiguous.

8. Defendant objects to Plaintiff's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendant objects to Plaintiff's demands to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendant objects to Plaintiff's demands to the extent they assume facts that have not been established. Defendant specifically reserves the right to object to the factual assumption made in these demands.

12. Defendant objects to Plaintiff's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure and the local rules of the Eastern District and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules. Defendant will respond to Plaintiff's demands in accordance with the applicable rules.

All of Defendant's answers are made subject to the above comments and qualifications.

## SPECIFIC DEMANDS AND RESPONSES

1. Documents sufficient to reflect the annual revenues, for each year 2017-2023, inclusive, of EK Premier.

**Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Defendant responds that it is not in possession, custody, or control of any responsive, non-privileged documents for 2017 through 2020 and refers otherwise refers Plaintiff to documents previously produced and Bates stamped EKD13-EKD14 for responsive documents.**

2. All pay records concerning Plaintiff.

**Response: Defendant refers Plaintiff to documents previously produced and Bates stamped EKD1-EKD10 for responsive documents.**

3. All documents reflecting hours worked by Plaintiff.

**Response: Defendant objects to this demand on the grounds that it assumes facts not in evidence. Notwithstanding and without waiving the foregoing general and specific objections, Defendant is not in possession, custody, or control of any responsive documents.**

Further, to the extent that Defendant discovers the existence of any responsive, non-privileged documents based on its continuing search obligations, Defendant shall supplement these responses and state whether any documents are being withheld on the basis of its objections.

4. All documents which support any of EK Premier's affirmative defenses.

Response: Defendant objects to this demand on the grounds that it is violative of the attorney-client privilege and/or the attorney work product doctrine, is overly broad, and unduly burdensome. Notwithstanding and without waiving the foregoing general and specific objections, Defendant refers Plaintiff to documents previously produced and Bates stamped EKD1-EKD14. Further, to the extent that Defendant discovers the existence of any responsive, non-privileged documents based on its continuing search obligations, Defendant shall supplement these responses and state whether any documents are being withheld on the basis of its objections.

5. All documents reflecting any agreement between either Dr. Regina Moshe or Yan Moshe, on the one hand, and EK Premier concerning the parking of any cars.

Response: Defendant objects to this demand on the grounds that it is not relevant to any claim or defense or proportional to the needs of the case.

6. All documents reflecting any supervisory authority of Plaintiff relating to his employment with EK Premier.

Response: Defendant objects to this demand on the grounds that it is assumes facts not in evidence. Notwithstanding and without waiving the foregoing general and specific objections, Defendant is not in possession, custody, or control of any responsive documents. Further, to the extent that Defendant discovers the existence of any responsive, non-

privileged documents based on its continuing search obligations, Defendant shall supplement these responses and state whether any documents are being withheld on the basis of its objections.

7. All documents concerning the incorporation of EK Premier, including but not limited to bylaws, articles of incorporation, and/or share certificates.

**Response:** Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.

8. All document [*sic*] concerning any transaction between EK Premier and any other individual or entity concerning the assumption by EK Premier of the operation of the parking garage located at 63-36 99th Street, Rego Park, NY, 11374-1979.

**Response:** Defendant objects to this demand on the grounds that it assumes facts not in evidence, is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.

9. All documents reflecting any communications between any representative of EK Premier and any representative of EZ Parking Corporation.

**Response:** Defendant objects to this demand on the grounds that it is vague, overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.

10. All agreements between EK Premier and any other individual or entity concerning the parking garage located at 63-36 99th Street, Rego Park, NY, 11374-1979.

Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense or proportional to the needs of the case.

Dated: Jamaica, New York
       March 5, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

/s/ *Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*EK Premier Services LLC*

**VIA E-MAIL**
The Russell Friedman Law Group, LLP
Attn: Spencer D. Shapiro, Esq.
400 Garden City Plaza, Suite 500
Garden City, NY 11530-3306
chorn@rfriedmanlaw.com
sshapiro@rfriedmanlaw.com

*Attorneys for Defendant*
*Yan Moshe*

**VIA E-MAIL**
Law Offices of Vincent E. Bauer
Attn: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDGAR SANCHEZ,

                                   Plaintiff,

             -against-

EZ PARKING CORPORATION, EK PREMIER
SERVICES LLC, and YAN MOSHE, individually,

                                Defendants.
-----------------------------------------------------------------X

Case No.: 1:23-cv-4052 (AMD) (VMS)

**DEFENDANT EK PREMIER SERVICES LLC'S RESPONSES & OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant EK Premier Services LLC (hereinafter "EK Premier" or the "Defendant"), by and through its attorneys, Sage Legal LLC, hereby answers Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

Defendant's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

1. The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2. The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3. The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

1

4. The right to object on any ground at any time to a request for a further or supplemental response.

5. Defendant objects to these uniformly overbroad interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff's interrogatories are overbroad to the extent that they cover time periods not relevant to the instant litigation.

6. Defendant objects to Plaintiff's interrogatories to the extent they are so overbroad that they impose an undue burden upon them.

7. Defendant objects to Plaintiff's interrogatories to the extent they are unreasonably vague and ambiguous.

8. Defendant objects to Plaintiff's interrogatories to the extent they seek information that is confidential, proprietary and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9. Defendant objects to Plaintiff's interrogatories to the extent they seek personal or confidential information.

10. The following responses are given without prejudice to Defendant's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained. When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11. Defendant objects to Plaintiff's interrogatories to the extent they assume facts that have not been established. Defendant specifically reserves the right to object to the factual assumption made in these demands.

12. Defendant objects to Plaintiff's interrogatories to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and (ii) attempt to place obligations upon Defendant which are inconsistent with those rules.

All of Defendant's responses are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 1

Identify all witnesses with knowledge or information material and necessary to the subject matter of this action. For each identified witness, describe the information EK Premier believes that witness possesses.

**Response: Defendant objects to this demand on the grounds of attorney-client privilege and the attorney work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Defendant identifies Plaintiff.**

### INTERROGATORY NO. 2

For each day between June 1, 2017 and the date of termination of EK Premier's employment with Defendants, specify the number of hours worked by EK Premier for Defendants.

**Response: Defendant objects to this demand on the grounds that it assumes facts not in evidence, is overly broad, and unduly burdensome. Notwithstanding and without waiving the foregoing general and specific objections, Defendant is unable to specify the hours Plaintiff provided services to EK Premier as he was in business for himself by hiring and paying other individuals to work when he was unable to attend to his business at the parking garage.**

## INTERROGATORY NO. 3

Identify all employees who worked for EK Premier between June 1, 2017 and April 2023.

**Response:** Defendant identifies none, as Plaintiff's services were retained to manage the parking garage and Plaintiff made hiring decisions.

## INTERROGATORY NO. 4

Identify all witnesses with knowledge of the formation of EK Premier, and/or how it came to operate the parking garage located at 63-36 99th Street, Rego Park, NY, 11374-1979.

**Response:** Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, and not relevant to any claim or defense.

Dated: Jamaica, New York
       March 5, 2024

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*EK Premier Services LLC*

**VIA E-MAIL**
The Russell Friedman Law Group, LLP
<u>Attn</u>: Spencer D. Shapiro, Esq.
400 Garden City Plaza, Suite 500
Garden City, NY 11530-3306
chorn@rfriedmanlaw.com
sshapiro@rfriedmanlaw.com

*Attorneys for Defendant*
*Yan Moshe*

**VIA E-MAIL**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*

4