| | |
|---|---|
| **From:** | Vincent Bauer |
| **To:** | Emanuel Kataev |
| **Cc:** | Spencer Shapiro |
| **Subject:** | Discovery Response Deficiencies |
| **Date:** | Tuesday, March 12, 2024 12:47:00 PM |

Emanuel, I write concerning EK Premier's responses and objections to Plaintiff's document requests and interrogatories, respectively.  I address deficiencies regarding same below.

Document Request Responses

First, and generally, could you please confirm that where you interpose objections and then agree to produce documents or reference documents previously produced, you are not withholding documents on the basis of articulated objections?

Request No. 5 – contrary to your suggestion, the relationship between EK Premier and Yan Mosche as it relates to the parking of Moshe's vehicles is directly probative of the question of whether Mosche had an ownership interest in EK Premier.  Specifically, it is Plaintiff's understanding that EK Premier did not charge the Moshes money for the parking of their cars at the EK Premier site, because Yan Mosche was actually the owner of EK Premier.  Accordingly, we request the immediate production of responsive documents.

Requests No. 7-10 – as you are aware, EK Premier claims to have magically assumed the operation of the parking lot operated by them without any interaction with any prior owners or operators.  Plaintiff's claim in this action is that Yan Moshe owned and operated the parking garage business through relatives who were nominal owners of EZ Parking and EK Premier.  Plaintiff is entitled to the requested documentation to test both Defendants' assertions and Plaintiff's allegations.

Interrogatory Responses

Interrogatory No. 1 – this interrogatory does not call for attorney-client privileged information.  Similar to Rule 26 disclosures, the interrogatory calls for your client to identify those people who have factual knowledge of the claims and defenses in this case.  Those issues include Plaintiff's hours worked, amounts paid to Plaintiff, and the ownership and operation of the parking garage at each point during the relevant period.  Plaintiff requests an immediate response to Interrogatory No. 1.

Interrogatory No. 3 – EK Premier's response appears to be non-responsive.  The interrogatory calls for identification of individuals who performed work at the subject parking garage and were paid by EK Premier.    Please immediately provide that information.

Interrogatory No. 4 – As discussed above, EK Premier has made a central issue in this case whether it assumed the operation of the subject parking garage from another company or, as it asserts, by coming upon a dormant parking garage and beginning to operate it without any agreement or other documentation.  Plaintiff plainly has the right to explore the legitimacy of EK Premier's defense.

Please let me know a good time this week to meet and confer concerning the foregoing issues.

Thanks.