# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

April 22, 2024

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

      Re:    Sanchez v. EZ Parking Corp., *et al.*
               Case No.: 1:23-cv-4052 (AMD) (VMS)

Dear Judge Scanlon:

      This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier respectfully submits this letter response in opposition to Plaintiff's misguided letter motion for a pre-motion conference in anticipation of his motion to compel.

      Rule 26 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") provides that:

> Parties may obtain discovery regarding any nonprivileged matter that *is relevant to any party's claim or defense* and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

See Fed. R. Civ. P. 26(b)(1). In a wage-and-hour case under the Fair Labor Standards Act ("FLSA"), Plaintiff must prove by a preponderance of the evidence that defendants did not adequately compensate him as required by the FLSA and the New York Labor Law ("NYLL"). See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 67 (2d Cir. 1997). Indeed, "[Plaintiff] must produce sufficient evidence to establish that [he has] in fact performed work for which [he was] improperly compensated and produce sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); see also Quintanilla v. Suffolk Paving Corp., No. 09-CIV.-5331 (AKT), 2019 WL 885933, at *30 (E.D.N.Y. Feb. 22, 2019) ("An employee who sues for overtime compensation bears the burden of proving that an employer did not properly compensate him") (quoting Anderson). Further, the Local Civil Rules ("LCR") require a party to identify verbatim each discovery request at issue together with the response thereto. See LCR 5.1.

      With the foregoing in mind, EK Premier respectfully submits that Plaintiff's letter motion for a pre-motion conference be denied in its entirety, as Plaintiff has seen fit to embark on a fishing expedition which will yield no results but to make everyone sea-sick.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 2

  Plaintiff first seeks discovery concerning the relationship between EK Premier and co-Defendant Yan Moshe ("Moshe") relating to any vehicle(s) parked by Moshe in the garage that EK Premier operated "to establish that Moshe, the actual owner of EK Premier, was not charged to park his autos in the EK Premier garage, an indication of a special relationship between EK Premier and Moshe." As an initial matter, this request must be denied because Plaintiff fails to identify the specific request verbatim together with EK Premier's response in compliance with LCR 5.1.

  Setting aside this procedural deficiency, whether Moshe paid for parking vehicles at the time EK Premier was in possession of the garage is completely irrelevant to the claims and defenses in this case, i.e., whether Plaintiff was an employee of the Defendants, the number of hours Plaintiff worked in any given week, the amount Plaintiff was paid for his work in any given week. Accordingly, the existence of any special relationship is irrelevant and must be denied.

  The remaining Rule 26 factors similarly militate in favor of denying this quizzical request apparently inspired more by Plaintiff's counsel's curiosity rather than focusing on the issues at hand. The importance of the issues at stake in the action do not warrant discovery on this point. The amount in controversy is between $10,000.00 and $40,000.00 based on settlement calculations exchanged between the parties early on in this case given that EK Premier was in operation for only two (2) years from March 2021 through March 2023. Weighing the parties' relative access to relevant information yields no result for Plaintiff, given that discovery will show he operating the parking garage by hiring his own employees. The parties' resources similarly warrants denial of this request, as the burden of this discovery is immense given the fact that EK Premier has been shut down for more than a year, and – as such –the burden and expense of the proposed discovery outweighs its likely benefit. Finally, the importance of the discovery in resolving the issues is nonexistent, as it does nothing to touch upon the issues that are important to this case as outlined above. Accordingly, discovery into any relationship between EK Premier and Moshe is unwarranted. Notwithstanding, EK Premier represents that Moshe is the principal of an entity which owns the Premises where EK Premier had possession of a parking garage, which entity had a landlord-tenant relationship with EK Premier.

  Plaintiff also seeks discovery of "various documents concerning the incorporation of EK Premier and the relationship between EK Premier and other entities concerning the subject parking garage." Plaintiff asserts that these documents address issues related to "when EK Premier was in operation, which individual or entity they replaced in that role, and who operated EK Premier." Again, this request must be denied because Plaintiff fails to identify the specific request verbatim together with EK Premier's response in compliance with LCR 5.1.

  Setting aside this procedural deficiency, the date that EK Premier was formed is publicly available based on records from the New York State Department of State's Division of Corporation's Entity Information database, which provides that it was incorporated in January 2021. There is no dispute that EK Premier replaced Defendant EZ Parking Corp. after the principal of that entity vacated the premises.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 3

There is also no dispute that EK Premier's principal is Emanuel Kalendarev, but EK Premier submits that Plaintiff operated the parking garage by hiring and paying his own employees. The various documents concerning EK Premier's incorporation and any alleged relationship between it and other entities is therefore completely irrelevant, and discovery as to same should be denied for the same reasons as the foregoing requests due to an analysis of the same factors.

Plaintiff also seeks to compel responses to an amalgam of interrogatories. Each one at issue is addressed *seriatim* below.

With respect to Interrogatory No. 1, EK Premier identified Plaintiff in response to this interrogatory. Its objections to the interrogatory on privilege grounds relate to the attendant request to describe the information EK Premier believes the witness possesses.

With respect to Interrogatory No. 2, EK Premier responded that it is unable to specify the hours Plaintiff provided services.

With respect to Interrogatory No. 3, EK Premier responded that there were no employees as Plaintiff operated the parking garage.

With respect to Interrogatory No. 4, EK Premier objected to this interrogatory on the same grounds as set forth *supra*.

Based on the foregoing, Plaintiff's letter motion for a pre-motion conference must be denied. EK Premier thanks this Court for its time and attention to this case.

Dated: Lake Success, New York
April 22, 2024

Respectfully submitted,

**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*EK Premier Services LLC*

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 4

**VIA ECF**
The Russell Friedman Law Group, LLP
<u>Attn</u>: Messrs. Charles Horn & Spencer D. Shapiro, Esqs.
400 Garden City Plaza, Suite 500
Garden City, NY 11530-3306
chorn@rfriedmanlaw.com
sshaprio@rfriedmanlaw.com

*Attorneys for Defendant
Yan Moshe*

**VIA ECF**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff
Edgar Sanchez*