# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

April 30, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4G North
Brooklyn, NY 11201-1804

   **Re:**  **Sanchez v. EZ Parking Corp.,** *et al.*
       **Case No.: 1:23-cv-4052 (AMD) (VMS)**

Dear Judge Donnelly:

  This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier writes pursuant to ¶ 4(A) of this Court's Individual Practices and Rules (hereinafter the "Individual Rules") to request a pre-motion conference in anticipation of EK Premier's motion to dismiss Plaintiff's first amended complaint. <u>See</u> ECF Docket Entry <u>27</u>.

  As set forth in Plaintiff's complaint, this action was filed under the Fair Labor Standards Act ("FLSA"). The action asserts federal jurisdiction pursuant to 28 U.S.C. 1331 (federal questions jurisdiction) and under 29 U.S.C. 216(b)(c) and 217. However, a defendant company is only subject to claims under the FLSA if: (i) the company is engaged in interstate commerce or the production of goods for interstate commerce; and (ii) the company has an annual gross volume of sales in excess of $500,000.

  Further, employees of companies that are not covered by the FLSA may still be subject to its provisions if they are individually engaged in interstate commerce or in the production of goods for interstate commerce. <u>See</u>, e.g., <u>Jacobs v. N.Y. Foundling Hosp.</u>, 577 F.3d 93, 96 (2d Cir. 2009). An employee engages in commerce when "a substantial part of the employee's work is related to interstate commerce." <u>See</u> <u>Boekemeier v. Fourth Universalist Soc. in City of N.Y.</u>, 86 F. Supp.2d 280, 287 (S.D.N.Y. 2000) (<u>quoting</u> <u>Divins v. Hazeltine Electronics Corp.</u>, 163 F.2d 100, 103 (2d. Cir. 1947)). "The test . . . is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." <u>See</u> <u>McLeod v. Threlkeld</u>, 319 U.S. 491, 497 (1943). The employee's work must be "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce . . . rather than isolated local activity." <u>See</u> <u>Mitchell v. C.W. Vollmer & Co.</u>, 349 U.S. 427, 429 (1955).

  In this case, EK Premier was a local parking garage in Rego Park, New York. Plaintiff operated the establishment and hired (and paid) his own employees. EK Premier obtained a lease with the landlord when Defendant EZ Parking Corp. went out of business and held same from March 2021 through March 2023. EK Premier earned $104,040.00 in 2021, $129,448 in 2022, and only operated for three (3) months in 2023 such that it could not earn anywhere near the $500,000.00 required to establish enterprise coverage.

      Similarly, as the operator of a local parking garage for a condominium building, Plaintiff was not individually engaged in interstate commerce as he only dealt with local residents.

      The parking garage is therefore not subject to the FLSA in that it does not have $500,000.00 of gross sales—nor is the parking garage or its employee(s) engaged in interstate commerce. EK Premier has provided the Plaintiff with a copy of its tax returns for 2021 and 2022 showing the gross revenue is hundreds of thousands of dollars far below the $500,000.00 threshold. Moreover, the complaint on its face alleges no facts showing that the parking garage is engaged in interstate commerce. Notwithstanding the foregoing, Plaintiff has refused to dismiss this case. EK Premier therefore seeks leave to file a motion to dismiss and/or for summary judgment, as appropriate, on this limited issue without prejudice to moving for summary judgment on other grounds in the event the instant motion is denied.

      EK Premier thanks this Court for its time and attention to this case.

Dated: Jamaica, New York
       April 30, 2024                      Respectfully submitted,

                                                **SAGE LEGAL LLC**

                                                */s/ Emanuel Kataev, Esq.*
                                                Emanuel Kataev, Esq.
                                                18211 Jamaica Avenue
                                                Jamaica, NY 11423-2327
                                                (718) 412-2421 (office)
                                                (917) 807-7819 (cellular)
                                                (718) 489-4155 (facsimile)
                                                emanuel@sagelegal.nyc

                                                *Attorneys for Defendant*
                                                *EK Premier Services LLC*

| **VIA ECF** | **VIA ECF** |
|---|---|
| The Russell Friedman Law Group, LLP | Law Offices of Vincent E. Bauer |
| <u>Attn</u>: Messrs. Charles Horn & Spencer D. Shapiro, Esqs. | <u>Attn</u>: Vincent E. Bauer, Esq. |
| 400 Garden City Plaza, Suite 500 | 425 Madison Avenue, 17th Floor |
| Garden City, NY 11530-3306 | New York, NY 10017-1109 |
| chorn@rfriedmanlaw.com | (212) 575-1517 (office) |
| sshapiro@rfriedmanlaw.com | vbauer@vbauerlaw.com |
| | |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Yan Moshe* | *Edgar Sanchez* |

2