## LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor      Tel: 212-575-1517
New York, NY 10017

May 8, 2024

The Honorable Ann M. Donnelly
United States District Court, EDNY
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Donnelly:

   I represent Plaintiff in the above-referenced matter. I write in response to Defendant EK Premier's April 30, 2024 letter to the Court requesting a pre-motion conference concerning its desire to move to dismiss Plaintiff's First Amended Complaint. I apologize for the delay in filing this letter. I thought I had filed the letter on May 6. Counsel to EK Premier consents to the belated filing of this letter.

   As EK Premier concedes, employees of companies who are individually engaged in interstate commerce are covered by the FLSA. EK Premier suggests, without any authority, that the Plaintiff's work at the subject parking garage did not engage him in interstate commerce. That position ignores the significant body of case law holding that parking garage employees are engaged in interstate commerce. See <u>Pintor v. Park King at JFK, LLC</u>, 2018 US Dist. LEXIS 28940 at *11 (EDNY Feb. 21, 2018)(finding FLSA coverage of parking garage employee because it was reasonable to infer that cars moved in parking garages were goods moved or produced in other states); <u>Patino v. Brady Parking, Inc.</u>, 2017 US Dist. LEXIS 189218 (SDNY Oct. 31, 2017)(holding that a parking garage employee who parked cars of both in-state and out of state patrons was personally engaged in interstate commerce); <u>Velez v. Vassallo</u>, 203 F. Supp. 2d 312, 329 (SDNY 2002)(holding employees handling cars that were brought to public parking

garages in New York City to be subject to FLSA coverage, and stating that such cars "surely epitomize goods or materials that have been moved in or produced for interstate commerce" and that "Defendants' assertion that Plaintiffs' work did not encompass the production or handling of goods for commerce is thus premised on a egregious misunderstanding, or a willful misreading of the law").

EK Premier seemingly seeks to circumvent applicable case law by arguing, again without support, that the subject parking garage is a "local" parking garage that stores only cars owned by local residents. If required to more formally oppose EK Premier's application, Plaintiff will submit an affidavit that attests to the significant number of daily parkers at the subject garage, as well as additional people who park their cars on occasion in connection with events. Thus, the parking garage is not local at all. And, even if it were, coverage would still be appropriate, since the vast majority of the cars were produced outside New York, and it is also natural to expect that many of the cars parked by local residents are used to travel out of state. Thus, EK Parking's application is without merit and should be denied.

Respectfully submitted,

/s/

Vincent E. Bauer