# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

June 18, 2024

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4G North
Brooklyn, NY 11201-1804

      **Re:**    **Sanchez v. EZ Parking Corp.,** *et al.*
              **Case No.: 1:23-cv-4052 (AMD) (VMS)**

Dear Judge Donnelly:

      This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier writes pursuant to ¶ 4(A) of this Court's Individual Practices and Rules (hereinafter the "Individual Rules") to respectfully renew its request a pre-motion conference in anticipation of EK Premier's motion to dismiss Plaintiff's second amended complaint. See ECF Docket Entry 27 ("Compl.").

      As set forth in Plaintiff's complaint, this action was filed under the Fair Labor Standards Act ("FLSA"). The action asserts federal jurisdiction pursuant to 28 U.S.C. 1331 (federal questions jurisdiction) and under 29 U.S.C. 216(b)(c) and 217. However, a defendant company is only subject to claims under the FLSA if: (i) the company is engaged in interstate commerce or the production of goods for interstate commerce; and (ii) the company has an annual gross volume of sales in excess of $500,000.

      In this case, EK Premier was a local parking garage in Rego Park, New York. Plaintiff operated the establishment and hired (and paid) his own employees. EK Premier obtained a lease with the landlord when Defendant EZ Parking Corp. went out of business and held same from March 2021 through March 2023. EK Premier earned $104,040.00 in 2021, $129,448 in 2022, and only operated for three (3) months in 2023 such that it could not earn anywhere near the $500,000.00 required to establish enterprise coverage. Similarly, as the operator of a local parking garage for a condominium building, Plaintiff was not individually engaged in interstate commerce as he only dealt with local residents. EK Premier is therefore not subject to the FLSA in that it does not have $500,000.00 of gross sales—nor is the parking garage or its employee(s) engaged in interstate commerce. Numerous courts have held as much.

      A claim under the FLSA, requires that Plaintiff establish that EK Premier was engaged in interstate commerce. See Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) ("Engagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement."); see also 29 U.S.C. § 207(a)(1) (employees "engaged in commerce or in the production of goods for commerce" are entitled to overtime compensation at "one and one-half times the regular rate at which [they are] employed").

The second amended complaint alleges that "the parking garage operated by EK Premier involved the parking of automobiles that were, upon information and belief, produced for commerce in states other than New York, and also automobiles that were moved from states other than New York to New York by people visiting New York for the day and/or attending events in the state, and vehicles that travelled to New Jersey and Connecticut, among other states." See Compl. ¶ 28. On its face, this allegation is conclusory, insofar as it merely restates the statutory definition of enterprise coverage without providing additional factual support. See Ventura v. Putnam Gardens Parking Corp., No. 20-CV-119 (JGK) (VF), 2023 WL 3603589, at *4–5 (S.D.N.Y. Mar. 20, 2023), report and recommendation adopted, No. 20-CV-119 (JGK), 2023 WL 3601649 (S.D.N.Y. May 23, 2023), amended, No. 20-CV-119 (JGK), 2023 WL 3633443 (S.D.N.Y. May 24, 2023). Further, allegations made upon information and belief are insufficient to carry the day. Indeed, in the Second Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly unless plaintiff can point to some facts that make the allegations more than pure speculation").

It is also not inferable from the allegations in the complaint that the Plaintiff at the parking garage would have handled goods or materials that moved or were produced in interstate commerce, as could be the case if, for example, the business were a restaurant. See Cabrera v. Canela, 412 F. Supp. 3d 167, 179 (E.D.N.Y. 2019) (explaining that courts in this District have accepted "similarly conclusory allegations of enterprise coverage" where "it may be inferred from the type of business enterprise that it was engaged in interstate commerce"). Because the complaint does not provide a sufficient basis from which to conclude that the parking garage's activities fall within the reach of the FLSA, Plaintiff has not established EK Premier's liability under the FLSA.

The "'individual coverage' theory" requires Plaintiff to establish that he was "performing work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." See Owusu v. Corona Tire Shop, Inc., No. 09-CIV.-3744 (NGG) (JO), 2010 WL 4791629, at *2 (E.D.N.Y. Nov. 17, 2010) (quoting 29 C.F.R. § 779.103). "Activities that 'simply affect or indirectly relate to interstate commerce' are insufficient to plead individual coverage." See Jones v. SCO Family of Servs., 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (quoting Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014)). For jurisdiction under the individual coverage theory to lie, a "substantial part" of the employee's work must relate to interstate commerce. See Owusu, 2010 WL 4791629, at *2.

In Herrera v. Genao, the Plaintiff argued that individual coverage lies because "Herrera's work as a parking lot attendant caused cars to be both removed from and placed into the flow of traffic, which necessarily had an impact on local traffic, and by extension, interstate commerce." See No. 16 CIV. 4297 (ER), 2018 WL 3323819, at *8 (S.D.N.Y. July 5, 2018) (finding that "Plaintiff has put forward no evidence that the cars parked in the lot were engaged in interstate commerce. There is simply nothing in the record before the Court that would allow it to conclude that Plaintiff is covered by the FLSA"). The same result must be reached here.

      Accordingly, EK Premier's letter motion for a pre-motion conference should be granted, with a briefing schedule to be set on its anticipated motion to dismiss. EK Premier thanks this Court for its time and attention to this case.

Dated: Jamaica, New York
       June 18, 2024                        Respectfully submitted,

                                                **SAGE LEGAL LLC**

                                                 _/s/ Emanuel Kataev, Esq._
                                                Emanuel Kataev, Esq.
                                                18211 Jamaica Avenue
                                                Jamaica, NY 11423-2327
                                                (718) 412-2421 (office)
                                                (917) 807-7819 (cellular)
                                                (718) 489-4155 (facsimile)
                                                emanuel@sagelegal.nyc

                                                *Attorneys for Defendant*
                                                *EK Premier Services LLC*

**VIA ECF**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*

**VIA ECF**
The Russell Friedman Law Group, LLP
<u>Attn</u>: Messrs. Charles Horn & Spencer D. Shapiro, Esqs.
400 Garden City Plaza, Suite 500
Garden City, NY 11530-3306
chorn@rfriedmanlaw.com
sshapiro@rfriedmanlaw.com

*Attorneys for Defendant*
*Yan Moshe*