# LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor             Tel: 212-575-1517
New York, NY 10017

June 22, 2024

The Honorable Ann M. Donnelly
United States District Court, EDNY
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Donnelly:

    I represent Plaintiff in the above-referenced matter. I write in response to Defendant EK Premier's June 18, 2024 letter to the Court once again requesting a pre-motion conference concerning its desire to move to dismiss Plaintiff's First Amended Complaint.

    In that letter, EK Premier recounts its fictional tale. In that regard, Plaintiff in no way "operated" the subject garage. As he will testify if discovery can proceed, Plaintiff was a W-2 employee of EK Premier, who reported at all times to on-site supervisors. Plaintiff was not responsible for hiring at all, except in the instances where he was forced to pay someone to work the seventh day in a given week to work, so that he could have a day off work. He also did not supervise employees, and in no other way did he "operate" the subject garage. EK Premier is seemingly intentionally misrepresenting the fact that it paid employees other than Plaintiff to work at the subject garage.

    EK Premier has also misrepresented its income. In that regard, Plaintiff will testify that, based upon his personal observations, EK Premier's claims regarding its income during the years 2021 and 2022 are false, in that the number of cars parked on a monthly basis at the subject garage, and cars parked on a daily basis, when multiplied by the applicable parking costs, would result in dramatically higher incomes than EK Premier claims.

Moreover, as EK Premier continues to concede, employees of companies who are individually engaged in interstate commerce are covered by the FLSA.  EK Premier suggests that the Plaintiff's work at the subject parking garage did not engage him in interstate commerce.  In so doing, EK Premier ignores the significant body of case law cited in Plaintiff's prior letter on this issue holding that parking garage employees are engaged in interstate commerce.  See Pintor v. Park King at JFK, LLC, 2018 US Dist. LEXIS 28940 at *11 (EDNY Feb. 21, 2018)(finding FLSA coverage of parking garage employee because it was reasonable to infer that cars moved in parking garages were goods moved or produced in other states); Patino v. Brady Parking, Inc., 2017 US Dist. LEXIS 189218 (SDNY Oct. 31, 2017)(holding that a parking garage employee who parked cars of both in-state and out of state patrons was personally engaged in interstate commerce); Velez v. Vassallo, 203 F. Supp. 2d 312, 329 (SDNY 2002)(holding employees handling cars that were brought to public parking garages in New York City to be subject to FLSA coverage, and stating that such cars "surely epitomize goods or materials that have been moved in or produced for interstate commerce" and that "Defendants' assertion that Plaintiffs' work did not encompass the production or handling of goods for commerce is thus premised on a egregious misunderstanding, or a willful misreading of the law").

EK Premier then attacks Plaintiff's allegations concerning the interstate nature of the cars parked at the subject garage.  Those allegations of course are based upon information and belief, since the information about where parkers took their cars was not something about which Plaintiff could have personal knowledge.  Additionally, contrary to EK Premier's suggestion, Plaintiff has provided the basis for his conclusion that the cars parked at the subject garage travelled from and to other states than New York.  In that regard, Plaintiff mentions a significant number of daily parkers at the subject garage.  It is, of course, natural to expect that some or even many of those daily parkers came from New Jersey, Connecticut, or other nearby states.  Plaintiff also referenced people who parked their cars in connection with events.  It is natural too to

expect that some or even many of those event-goers came from outside New York.  Thus, Plaintiff has sufficiently alleged that the parking garage was not local at all, and the case authority cited by EK Premier is inapplicable.

   EK Premier also ignores an additional reason why coverage would be appropriate here, that the vast majority of the cars in the subject garage were produced for commerce outside New York, which is a reality known by anyone with any familiarity of the automobile industry.  Thus, EK Parking's application is without merit and should be denied.


Respectfully submitted,

   /s/

Vincent E. Bauer