UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDGAR SANCHEZ,

                        Plaintiff,

        -against-

EZ PARKING CORPORATION, EK PREMIER
SERVICES LLC, and YAN MOSHE, individually,

                     Defendants.
------------------------------------------------------------------------X

Docket No.: 23-CV-04052 (AMD)(VMS)

**ANSWER TO FOURTH AMENDED COMPLAINT WITH CROSS-CLAIMS**

**Answering Defendant Demands a Trial by Jury**

       Defendant, YAN MOSHE, individually ("Answering Defendant"), by and through his attorneys, THE RUSSELL FRIEDMAN LAW GROUP, LLP, as and for an Answer to Plaintiff's Fourth Amended Complaint ("Complaint"), alleges as follows:

       1.     Denies the factual allegations contained in paragraph 1 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

       2.     Denies the factual allegations contained in paragraph 2 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

       3.     Denies the factual allegations contained in paragraph 3 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

       4.     Denies the factual allegations contained in paragraph 4 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

       5.     Denies the factual allegations contained in paragraph 5 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

       6.     Denies the factual allegations contained in paragraph 6 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO PARTIES

7. Denies information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Denies the factual allegations contained in paragraph 8 of the Complaint.

9. Denies the factual allegations contained in paragraph 9 of the Complaint.

10. Denies the factual allegations contained in paragraph 10 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

11. Denies information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Denies information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Denies information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Denies information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Denies information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Denies information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Denies information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Denies information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Denies the factual allegations contained in paragraph 19 of the Complaint, except avers that YAN MOSHE is an individual that resides in the State of New York

20. Denies the factual allegations contained in paragraph 20 of the Complaint.

21. Denies the factual allegations contained in paragraph 21 of the Complaint.

22. Denies the factual allegations contained in paragraph 22 of the Complaint and leaves all questions of law to the Court for its ultimate determination..

23. Denies the factual allegations contained in paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO STATEMENT OF FACTS

24. Denies the factual allegations contained in paragraph 24 of the Complaint.

25. Denies information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Denies information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Denies information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Denies information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Denies information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint.

30. Denies information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. Denies information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint.

32. Denies information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint.

33. Denies information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Denies the factual allegations contained in paragraph 34 of the Complaint.

35. Denies information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36. Denies information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Denies the factual allegations contained in paragraph 37 of the Complaint.

38. Denies the factual allegations contained in paragraph 38 of the Complaint.

39. Denies the factual allegations contained in paragraph 39 of the Complaint.

40. Denies the factual allegations contained in paragraph 40 of the Complaint.

41. Denies the factual allegations contained in paragraph 41 of the Complaint.

42. Denies the factual allegations contained in paragraph 42 of the Complaint.

43. Denies the factual allegations contained in paragraph 43 of the Complaint.

44. Denies the factual allegations contained in paragraph 44 of the Complaint.

45. Denies the factual allegations contained in paragraph 45 of the Complaint.

46. Denies the factual allegations contained in paragraph 46 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

47. Denies the factual allegations contained in paragraph 47 of the Complaint.

48. Denies the factual allegations contained in paragraph 48 of the Complaint and leaves all questions of law to the Court for its ultimate determination

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

49. As to the allegations contained in paragraph 49 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

50. Denies the factual allegations contained in paragraph 50 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

51. Denies the factual allegations contained in paragraph 51 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

52. Denies the factual allegations contained in paragraph 52 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

53. As to the allegations contained in paragraph 53 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

54. Denies the factual allegations contained in paragraph 54 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

55. Denies the factual allegations contained in paragraph 55 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

56. Denies the factual allegations contained in paragraph 56 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

57. Denies the factual allegations contained in paragraph 57 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

58. Denies the factual allegations contained in paragraph 58 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

59. As to the allegations contained in paragraph 59 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

60. Denies the factual allegations contained in paragraph 60 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

61. Denies the factual allegations contained in paragraph 61 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

62. Denies the factual allegations contained in paragraph 62 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

63. Denies the factual allegations contained in paragraph 63 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

64. As to the allegations contained in paragraph 64 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

65. Denies the factual allegations contained in paragraph 65 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

66. Denies the factual allegations contained in paragraph 66 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

67. Denies the factual allegations contained in paragraph 67 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

68. As to the allegations contained in paragraph 68 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

69. Denies the factual allegations contained in paragraph 69 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

70. Denies the factual allegations contained in paragraph 70 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

71. Denies the factual allegations contained in paragraph 71 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

### AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

72. As to the allegations contained in paragraph 72 of the Complaint, repeats, reiterates, and re-alleges each and every admission and denial previously made.

73. Denies the factual allegations contained in paragraph 73 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

74. Denies the factual allegations contained in paragraph 74 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

75. Denies the factual allegations contained in paragraph 75 of the Complaint and leaves all questions of law to the Court for its ultimate determination.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76. The Complaint fails to state a cause of action against Answering Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

77. All or part of the Complaint is barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

78. There is no privity or relationship of any kind between Plaintiff and Answering Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

79. The entirety of the claims and allegations in the Complaint are unrelated to any actions, operation, or activities of Answering Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

80. Plaintiff failed to take reasonable and necessary measures to mitigate damages, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81. Plaintiff has failed to allege any proximate relationship between any action or omission of Answering Defendant and damages alleged by Plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

82. The Complaint is barred for this Court's lack of subject matter jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

83. That Plaintiff's injuries were caused in whole or in part by his own contributory negligence and/or culpable conduct and/or by persons and/or events over which Answering Defendant had no control and, therefore, Plaintiff's claims are barred or the amount of same is diminished accordingly.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

84. That Plaintiff's injuries were caused in whole or in part by the culpable conduct of Plaintiff which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the injuries.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

86. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims against Answering Defendant must be dismissed, in whole or in part, because Answering Defendant lacked the requisite scienter, and at all times acted in good faith and with good cause.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

89. Answering Defendant did not violate the statutes or causes of action pled in Plaintiff's Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

90. Answering Defendants performed each and every duty, if any, owed to Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

91. Some or all of Plaintiff's claims are barred by accord and satisfaction, off-set, settlement, and/or payment and release.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

92. The circumstances of which Plaintiff complained are *de minimis* and not actionable.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff is not entitled to damages as Plaintiff has failed to plead any facts that would support a claim of willful conduct of upper management or any egregiousness in alleged acts of retaliation.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

94. The circumstances complained of by Plaintiff were a result of Plaintiff's own conduct.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

95. The actions taken by Answering Defendant were made in good faith, without malice, and in conformity with any and all applicable laws.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

96. Plaintiff was never treated as an employee under the applicable law, and Plaintiff never conducted himself as an employee.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

97. Plaintiff has failed to meet statutory and/or legal conditions precedent to bring some or all the allegations contained in the Complaint.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

98. The Complaint is barred because Answering Defendant complied with all applicable legal and contractual obligations.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred because any recovery would constitute unjust enrichment.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

100. Plaintiff's claims are frivolous, vexatious, and lack a good faith basis.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

101. Answering Defendant reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

**JURY DEMAND**

102. Answering Defendant demands a trial by jury.

**AS AND FOR A FIRST CROSS-CLAIM
DEFENDANT YAN MOSHE ALLEGES AS AGAINST
CO-DEFENDANTS EZ PARKING CORPORATION AND
EK PREMIER SERVICES LLC AS FOLLOWS:**
(Contribution)

103. If Plaintiff has been damaged or sustained any injuries as alleged in the Complaint through any carelessness, recklessness, and negligence other than Plaintiff's own, said damages were caused or contributed to by reason of the negligence, gross negligence, culpable conduct, carelessness, or want of care of Co-Defendants EZ PARKING CORPORATION and EK PREMIER SERVICES LLC (herein, collectively referred to as "Co-Defendants") and, if it be determined that Plaintiff is entitled to any recovery, such recovery shall be apportioned between Co-Defendants and this Answering Defendant, YAN MOSHE, according to their relative responsibility therefore, and that Answering Defendant, YAN MOSHE, demands judgment against Co-Defendants for the percentage of liability attributed to them.

**AS AND FOR A SECOND CROSS-CLAIM
DEFENDANT TOWN OF HEMPSTEAD ALLEGES AS AGAINST
CO-DEFENDANTS EZ PARKING CORPORATION AND EK PREMIER
SERVICES LLC AS FOLLOWS:**
(Indemnification)

104. Upon information and belief, if Plaintiff suffered any injuries and/or damages through negligence other than their own, and if Plaintiff should thereby recover any judgment against this Answering Defendant, such recovery will have been brought about and caused by the active, affirmative, and primary negligence of Co-Defendants, their agents, servants, and/or employees without any active or affirmative negligence on the part of this Answering Defendant contributing thereto, and Co-Defendants will thereby be obligated to indemnify this Answering

Defendant, YAN MOSHE, for any judgment that may be recovered against him by reason of the occurrence alleged in Plaintiff's Complaint.

**WHEREFORE,** Defendant YAN MOSHE demands judgment dismissing the Complaint, together with the costs and disbursements of this action, attorney's fees, and such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated: Garden City, New York
       August 19, 2024

**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorney for Defendant, Yan Moshe*

By:   /s/*Charles Horn*
      Charles Horn
      400 Garden City Plaza, Suite 500
      Garden City, New York 11530
      Tel: 516.355.9696
      Email: chorn@rfriedmanlaw.com