# LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor                                                                Tel:  212-575-1517
New York, NY 10017

VIA E-FILING

September 11, 2024

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:  Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Scanlon:

I represent Plaintiff in the above-referenced matter.  I write to request a conference regarding unresolved deficiencies in the discovery responses of Defendant EK Premier Services, and significant failures by EK Premier to comply with this Court's August 2, 2024 Order.

As the Court will recall, it ordered the parties to, by August 8, to identify any outstanding discovery requests in writing to the other side.  All responsive paper discovery was to be produced by September 6.

On August 2, I sent an email to EK Premier's counsel identifying the document requests which remained outstanding, and identifying deficiencies concerning EK Premier's production, including the redaction of documents without explanation.  Exhibit 1.  In that email, I asked counsel to indicate soonest whether we had a common understanding of EK Premier's obligations.  I received no response to that email for a month.

Then, on September 2, counsel sent me an email (Exhibit 2) in which counsel seemingly ignored

portions of the Court's Order, and indicated that he was going to produce only two types of additional documents: bank records from a single bank; and a Whatsapp exchange between Plaintiff and EK Premier's principal.  This limited production was proposed despite the fact that I had identified nine document requests which were outstanding, as well as the need for the production of all documents withheld from production on the basis of objections other than privilege.  In that regard, EK Premier has refused to date to identify responsive documents withheld from production for non-privilege reasons, despite confirming that documents have in fact been withheld on the basis of those objections.  In his September 2 email, counsel also indicated that EK Premier was standing on prior objections concerning four outstanding discovery requests (Nos. 7-10), despite the Court having already ruled on those requests.  Plaintiff's first and second set of document requests are attached as Exhibit 3.

In response, on September 3, I sent an email to counsel (See Exhibit 2) in which I explained that EK Premier's promised production was inconsistent with the Court's Order and requested that counsel fully comply with the Court's Order and attest to having done the same. I also addressed EK Premier's inappropriate redaction of tax returns produced by it.  Specifically, EK Premier redacted tax identification numbers from the returns, citing FRCP 5.2 which, as I explained to counsel, has nothing to do with productions between parties.

EK Premier did not produce any documentation on or before September 6.  This morning, counsel finally produced the two types of documents.  The referenced bank records were almost entirely redacted, without explanation.  Counsel did not either identify or produce documents previously withheld on the basis of objections other than privilege, and did not provide an affidavit or any other type of certification of good faith search efforts.

I still do not have a basis for a complete understanding of for which requests documents have been withheld.  In that regard, Document Request No. 1 from Plaintiff's first set of document

requests and No. 1 from Plaintiff's second set of document requests together call for the production of all financial records of EK Premier.  In his September 2 email, counsel indicates that only the bank records referenced above would be produced in response to those requests, without any discussion of whether EK Premier has financial records other than bank records and tax returns.  It would seem unlikely that EK Premier did not maintain any other type of financial records, but I have received no information on that score.

The deposition of the principal of EK Premier, Emmanuel Kalendarev, is scheduled for September 17.  The outstanding discovery and information must be produced before Mr. Kalendarev's deposition.  Since it seems likely that the outstanding discovery will not be produced without further Court involvement, Plaintiff respectfully requests an extension of discovery beyond September 30 for the purpose of completing that deposition.  Although Plaintiff intends to continue to try to work with counsel to resolve the issues discussed herein, I wanted to bring these issues to the Court's attention immediately given the limited remaining time within the discovery period.  We thank the Court for its attention to these matters.

Respectfully submitted,

/s/

Vincent E. Bauer