# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

October 22, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Vera M. Scanlon, U.S.M.J.
225 Cadman Plaza East
Courtroom 13A South
Brooklyn, NY 11201-1804

  Re: **Sanchez v. EZ Parking Corp.,** *et al.*
    <u>Case No.: 1:23-cv-4052 (AMD) (VMS)</u>

Dear Judge Scanlon:

  This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier respectfully submits this letter response in opposition to Plaintiff's misguided letter motion for a pre-motion conference regarding discovery disputes.

  Contrary to Plaintiff's assertion, this Court has not "already ruled" on the requests in dispute. On August 1, 2024, the parties appeared telephonically to discuss the status of the case and discovery in general. However, there was no Order from this Court deciding the specific requests Plaintiff contends were decided. This was conceded by the Plaintiff when your undersigned met-and-conferred telephonically concerning the instant discovery dispute *after* Plaintiff filed the instant motion on September 11, 2024.

  Because Plaintiff failed to meet-and-confer as required by Local Civil Rule 37.3 and Rule 37, his letter motion must be denied for this reason alone. See <u>Caccavale v. Hewlett-Packard Co.</u>, No. 20- CIV.-974 (GRB) (AKT), 2021 WL 12306166, at *2 (E.D.N.Y. July 13, 2021) ("the Court finds that the parties did not spend enough time fulfilling their obligations pursuant to Local Rule 37.3, which provides: 'Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1)'").

  Following the belated meet-and-confer, I wrote to Plaintiff that he may inquire about my client's search efforts in relation to discovery at his deposition. I also invited Plaintiff to withdraw the instant motion without prejudice to renew after the parties properly met-and-conferred on the discovery issues he is raising. Plaintiff has unreasonably refused to do so.

  In any event, Plaintiff's motion must be denied for the reasons set forth below.

  Rule 26 of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") provides that:

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 2

> Parties may obtain discovery regarding any nonprivileged matter that *is relevant to any party's claim or defense* and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

See Fed. R. Civ. P. 26(b)(1). In a wage-and-hour case under the Fair Labor Standards Act ("FLSA"), Plaintiff must prove by a preponderance of the evidence that defendants did not adequately compensate him as required by the FLSA and the New York Labor Law ("NYLL"). See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 67 (2d Cir. 1997). Indeed, "[Plaintiff] must produce sufficient evidence to establish that [he has] in fact performed work for which [he was] improperly compensated and produce sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946); see also Quintanilla v. Suffolk Paving Corp., No. 09-CIV.-5331 (AKT), 2019 WL 885933, at *30 (E.D.N.Y. Feb. 22, 2019) ("An employee who sues for overtime compensation bears the burden of proving that an employer did not properly compensate him") (quoting Anderson). Further, the Local Civil Rules ("LCR") require a party to identify verbatim each discovery request at issue together with the response thereto. See LCR 5.1.

With the foregoing in mind, EK Premier respectfully submits that Plaintiff's letter motion for a pre-motion conference be denied in its entirety, as Plaintiff has seen fit to embark on a fishing expedition which will yield no results but to make everyone sea-sick.

Plaintiff first seeks discovery concerning the relationship between EK Premier and co-Defendant Yan Moshe ("Moshe") relating to any vehicle(s) parked by Moshe in the garage that EK Premier operated "to establish that Moshe, the actual owner of EK Premier, was not charged to park his autos in the EK Premier garage, an indication of a special relationship between EK Premier and Moshe."

As an initial matter, this request must be denied because Plaintiff fails to identify the specific request verbatim together with EK Premier's response in compliance with LCR 5.1.

Setting aside this procedural deficiency, whether Moshe paid for parking vehicles at the time EK Premier was in possession of the garage is completely irrelevant to the claims and defenses in this case, i.e., whether Plaintiff was an employee of the Defendants, the number of hours Plaintiff worked in any given week, the amount Plaintiff was paid for his work in any given week.

More importantly, Moshe has been dismissed from this case. See ECF Docket Entry 48.

Accordingly, the existence of any special relationship is irrelevant and must be denied.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 3

      The remaining Rule 26 factors similarly militate in favor of denying this quizzical request apparently inspired more by Plaintiff's counsel's curiosity rather than focusing on the issues at hand.

      The importance of the issues at stake in the action do not warrant discovery on this point. The amount in controversy is between $10,000.00 and $40,000.00 based on settlement calculations exchanged between the parties early on in this case given that EK Premier was in operation for only two (2) years from March 2021 through March 2023.

      Weighing the parties' relative access to relevant information yields no result for Plaintiff, given that discovery will show he operating the parking garage by hiring his own employees.

      The parties' resources similarly warrants denial of this request, as the burden of this discovery is immense given the fact that EK Premier has been shut down for more than a year, and – as such –the burden and expense of the proposed discovery outweighs its likely benefit.

      Finally, the importance of the discovery in resolving the issues is nonexistent, as it does nothing to touch upon the issues that are important to this case as outlined above.

      Accordingly, discovery into any relationship between EK Premier and Moshe is unwarranted. Notwithstanding, EK Premier represents that Moshe is the principal of an entity which owns the Premises where EK Premier had possession of a parking garage, which entity had a landlord-tenant relationship with EK Premier.

      Plaintiff also seeks discovery of "various documents concerning the incorporation of EK Premier and the relationship between EK Premier and other entities concerning the subject parking garage." Plaintiff asserts that these documents address issues related to "when EK Premier was in operation, which individual or entity they replaced in that role, and who operated EK Premier." Again, this request must be denied because Plaintiff fails to identify the specific request verbatim together with EK Premier's response in compliance with LCR 5.1.

      Setting aside this procedural deficiency, the date that EK Premier was formed is publicly available based on records from the New York State Department of State's Division of Corporation's Entity Information database, which provides that it was incorporated in January 2021. There is no dispute that EK Premier replaced Defendant EZ Parking Corp. after the principal of that entity vacated the premises.

      There is also no dispute that EK Premier's principal is Emanuel Kalendarev, but EK Premier submits that Plaintiff operated the parking garage by hiring and paying his own employees. The various documents concerning EK Premier's incorporation and any alleged relationship between it and other entities is therefore completely irrelevant, and discovery as to same should be denied for the same reasons as the foregoing requests due to an analysis of the same factors.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
April 22, 2024
P a g e | 4

    Plaintiff also seeks to compel responses to demands for "financial records" and asserts that EK Premier submitted only redacted bank records. Plaintiff is not entitled to any more documentation than that necessary to establish EK Premier never earned $500,000.00 in annual gross revenue, which the bank statements and tax returns produced thus far reflect.

    For the foregoing reasons, Plaintiff's letter motion must be denied as premature, and Plaintiff should be Ordered to meet-and-confer, as required, prior to filing any additional letter motions.

Dated: Lake Success, New York
       October 22, 2024                Respectfully submitted,

                                            **SAGE LEGAL LLC**
                                            */s/ Emanuel Kataev, Esq.*
                                            Emanuel Kataev, Esq.
                                            18211 Jamaica Avenue
                                            Jamaica, NY 11423-2327
                                            (718) 412-2421 (office)
                                            (917) 807-7819 (cellular)
                                            (718) 489-4155 (facsimile)
                                            emanuel@sagelegal.nyc

                                            *Attorneys for Defendant*
                                            *EK Premier Services LLC*

**VIA ECF**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*