# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

February 3, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4G North
Brooklyn, NY 11201-1804

      **Re:**    **Sanchez v. EZ Parking Corp.,** *et al.*
              **Case No.: 1:23-cv-4052 (AMD) (VMS)**

Dear Judge Donnelly:

This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier writes pursuant to ¶¶ 4(A) and (B) of this Court's Individual Practices and Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of EK Premier's motion to dismiss Plaintiff's fourth amended complaint and for summary judgment. <u>See</u> ECF Docket Entry 43 ("4AC" or "<u>Compl.</u>"). EK Premier also respectfully seeks an extension of time, *nunc pro tunc*, to respond to the complaint, as well as to submit a Rule 56.1 Statement of Material Facts as required by the Individual Rules. For the reasons set forth below, this Court should grant the foregoing requests.

### EK Premier Should be Granted an Extension of Time to Respond to the 4AC *nunc pro tunc*

A review of the docket reveals that EK Premier has not responded to the 4AC. This inadvertent error should be excused given EK Premier's active defense of this case, especially in light of the fact it has previously responded to Plaintiff's prior complaints. <u>See</u> ECF Docket Entries 13, 23, 24, 33, and 39.

Pursuant to ¶ 2(E) of this Court's Individual Rules, EK Premier respectfully submits that: (i) the original date a response to the 4AC was due fell on Friday, August 30, 2024; (ii) the proposed date for the extension is today; (iii-iv) there have been no previous requests for an extension of time to respond to the 4AC; (v) Plaintiff consents.

Based on the foregoing, there exists sufficient good cause and excusable neglect for this Court to exercise its discretion in favor of granting the requested extension of time, *nunc pro tunc*, to today.

### EK Premier Should be Granted a Pre-Motion Conference for its Rule 12(c) Motion

As set forth in Plaintiff's complaint, this action was filed under the Fair Labor Standards Act ("FLSA"). The action asserts federal jurisdiction pursuant to 28 U.S.C. 1331 (federal questions jurisdiction) and under 29 U.S.C. §§ 216(b), (c), and 217.

However, a defendant company is only subject to claims under the FLSA if: (i) the company is engaged in interstate commerce or the production of goods for interstate commerce; and (ii) the company has an annual gross volume of sales in excess of $500,000.

In this case, EK Premier was a local parking garage in Rego Park, New York. Plaintiff operated the establishment and hired (and paid) his own employees. EK Premier obtained a lease with the landlord when Defendant EZ Parking Corp. went out of business and held same from March 2021 through March 2023. EK Premier earned $104,040.00 in 2021, $129,448 in 2022, and only operated for three (3) months in 2023 such that it could not earn anywhere near the $500,000.00 required to establish enterprise coverage. Similarly, as the operator of a local parking garage for a condominium building, Plaintiff was not individually engaged in interstate commerce as he only dealt with local residents. EK Premier is therefore not subject to the FLSA in that it does not have $500,000.00 of gross sales—nor is the parking garage or its employee(s) engaged in interstate commerce. Numerous courts have held as much.

A claim under the FLSA, requires that Plaintiff establish that EK Premier was engaged in interstate commerce. See Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) ("Engagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement."); see also 29 U.S.C. § 207(a)(1) (employees "engaged in commerce or in the production of goods for commerce" are entitled to overtime compensation at "one and one-half times the regular rate at which [they are] employed").

The fourth amended complaint alleges that "the parking garage operated by EK Premier involved the parking of automobiles that were, upon information and belief, produced for commerce in states other than New York, and also automobiles that were moved from states other than New York to New York by people visiting New York for the day and/or attending events in the state, and vehicles that travelled to New Jersey and Connecticut, among other states." See Compl. ¶ 16. On its face, this allegation is conclusory, insofar as it merely restates the statutory definition of enterprise coverage without providing additional factual support. See Ventura v. Putnam Gardens Parking Corp., No. 20-CV-119 (JGK) (VF), 2023 WL 3603589, at *4–5 (S.D.N.Y. Mar. 20, 2023), report and recommendation adopted, No. 20-CV-119 (JGK), 2023 WL 3601649 (S.D.N.Y. May 23, 2023), amended, No. 20-CV-119 (JGK), 2023 WL 3633443 (S.D.N.Y. May 24, 2023). Further, allegations made upon information and belief are insufficient to carry the day. Indeed, in the Second Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly unless plaintiff can point to some facts that make the allegations more than pure speculation"). It is also not inferable from the allegations in the complaint that the Plaintiff at the parking garage would have handled goods or materials that moved or were produced in interstate commerce, as could be the case if, for example, the business were a restaurant. See Cabrera v. Canela, 412 F. Supp. 3d 167, 179 (E.D.N.Y. 2019) (explaining that courts in this District have accepted "similarly conclusory allegations of enterprise coverage" where "it may be inferred from the type of business enterprise that it was engaged in interstate commerce").

2

Because the complaint does not provide a sufficient basis from which to conclude that the parking garage's activities fall within the reach of the FLSA, Plaintiff has not established EK Premier's liability under the FLSA.

Accordingly, Plaintiff has failed to sufficiently plead that EK Premier falls within the enterprise coverage prong of the FLSA.

The "'individual coverage' theory" requires Plaintiff to establish that he was "performing work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." See Owusu v. Corona Tire Shop, Inc., No. 09-CIV.-3744 (NGG) (JO), 2010 WL 4791629, at *2 (E.D.N.Y. Nov. 17, 2010) (quoting 29 C.F.R. § 779.103). "Activities that 'simply affect or indirectly relate to interstate commerce' are insufficient to plead individual coverage." See Jones v. SCO Family of Servs., 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (quoting Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014)). For jurisdiction under the individual coverage theory to lie, a "substantial part" of the employee's work must relate to interstate commerce. See Owusu, 2010 WL 4791629, at *2.

In Herrera v. Genao, the Plaintiff argued that individual coverage lies because "Herrera's work as a parking lot attendant caused cars to be both removed from and placed into the flow of traffic, which necessarily had an impact on local traffic, and by extension, interstate commerce." See No. 16 CIV. 4297 (ER), 2018 WL 3323819, at *8 (S.D.N.Y. July 5, 2018) (finding that "Plaintiff has put forward no evidence that the cars parked in the lot were engaged in interstate commerce. There is simply nothing in the record before the Court that would allow it to conclude that Plaintiff is covered by the FLSA"). The same result must be reached here.

Accordingly, EK Premier's letter motion for a pre-motion conference should be granted, with a briefing schedule to be set on its anticipated motion to dismiss.

## This Court Should Grant an Extension of Time to Submit Rule 56.1 Statements

EK Premier also seeks to simultaneously move for summary judgment for the same reasons discussed *supra vis-à-vis* its anticipated motion for judgment on the pleadings given that the parties have completed deposition and there is no genuine dispute over the material facts that EK Premier did not have gross revenues in excess of $500,000.00 or that Plaintiff did nothing more than move vehicles at a local parking garage. However, the Individual Rules require both that EK Premier submit its Rule 56.1 Statement of Facts as well as Plaintiff's Rule 56.1 Counterstatement of Material Facts. See Individual Rules ¶ 4(B). Your undersigned was unable to do so because, despite the parties' agreement to exchange copies of the deposition transcript for the Rule 30(b)(6) corporate representative of EK Premier, Plaintiff only provided a copy of same on Sunday, February 2, 2025 despite the fact EK Premier requested a copy of the transcript in accordance with Rule 30(e)(1) following the deposition on September 17, 2024. Pursuant to ¶ 2(E) of this Court's Individual Rules, EK Premier respectfully submits that: (i) the original date the Rule 56.1 Statement and Counterstatement was due falls on Monday, February 3, 2025; (ii) the proposed date for the extension is Friday, April 4, 2025; (iii-iv) there have been no previous requests for an extension of time to submit the Rule 56.1 Statement and Counterstatement; and (v) Plaintiff does not consent, with the reasons given by the adversary for refusing to consent below.

Plaintiff opposes this application.  In that regard, it bears mention that EK Premier has, to date, entirely failed to even initiate the process of working together on a Rule 56.1 Statement and Counterstatement.  Plaintiff's counsel had no communication from EK Premier's counsel regarding that comprehensive document until after 11 pm on January 30, when EK Premier's counsel emailed him only to request a copy of the transcript of the deposition of EK Premier's principal, which was then provided to counsel on February 2.  Obviously, had EK Premier's counsel informed Plaintiff's counsel that he needed the transcript (Plaintiff was required by the court reporting service to pay for a copy of the transcript of my client's deposition), it would have been provided much sooner.  It therefore seems that EK Premier is attempting to shift blame for its own failure to comply with the Court's Order regarding summary judgment motions.  Therefore, Plaintiff respectfully submits that EK Premier's application for an extension of time to submit a rule 56.1 Statement and Counterstatement should be denied.

EK Premier argues in response that it was under no obligation to follow up with Plaintiff to obtain a copy of the deposition transcript, as it complied with its obligation under Rule 30(e)(1) to request same at the deposition.  It was thus incumbent on the Plaintiff to so comply and provide a copy of the transcript.  Plaintiff indisputably failed to, and notably does not contest that EK Premier made a Rule 30(e)(1) request at the deposition for a copy of the transcript.  Further, Plaintiff's contention that no steps have been taken to prepare a Local Civil Rule 56.1 Statement of Facts is belied by the fact that EK Premier has begun preparing one, but cannot complete it without the deposition transcript of its corporate representative.

For the foregoing reasons, EK Premier's request for an extension of time should be granted. Further, should the Court prefer it, EK Premier is prepared to brief the Rule 12(c) motion and file its Rule 56 motion separately.

EK Premier thanks this Court for its time and attention to this case.

Dated: Jamaica, New York
February 3, 2025                          Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq.__
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*EK Premier Services LLC*

4

**<u>VIA ECF</u>**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*