# Sage Legal LLC

**18211 Jamaica Avenue ● Jamaica, NY 11423-2327 ● (718) 412-2421 ● emanuel@sagelegal.nyc**

May 2, 2025

**VIA ECF**

United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Ann M. Donnelly, U.S.D.J.
225 Cadman Plaza East
Courtroom 4G North
Brooklyn, NY 11201-1804

> **Re:** **Sanchez v. EZ Parking Corp.,** *et al.*
> **Case No.: 1:23-cv-4052 (AMD) (VMS)**

Dear Judge Donnelly:

This firm represents Defendant EK Premier Services LLC ("EK Premier") in the above-referenced case. EK Premier writes pursuant to ¶¶ 4(A) and (B) of this Court's Individual Practices and Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of EK Premier's motion to dismiss Plaintiff's fourth amended complaint and for summary judgment. <u>See</u> ECF Docket Entry <u>43</u> ("4AC" or "<u>Compl.</u>"). For the reasons set forth below, this Court should grant the foregoing requests.

## EK Premier Should be Granted an Extension of Time to Respond to the 4AC *nunc pro tunc*

A review of the docket reveals that EK Premier has not responded to the 4AC. This inadvertent error should be excused given EK Premier's active defense of this case, especially in light of the fact it has previously responded to Plaintiff's prior complaints. <u>See</u> ECF Docket Entries <u>13</u>, <u>23</u>, <u>24</u>, <u>33</u>, and <u>39</u>.

Pursuant to ¶ 2(E) of this Court's Individual Rules, EK Premier respectfully submits that: (i) the original date a response to the 4AC was due fell on Friday, August 30, 2024; (ii) the proposed date for the extension is today; (iii-iv) there has been one (1) previous request for an extension of time to respond to the 4AC, which was granted; (v) Plaintiff previously consented to this request.

Based on the foregoing, there exists sufficient good cause and excusable neglect for this Court to exercise its discretion in favor of granting the requested extension of time, *nunc pro tunc*, to today.

## EK Premier Should be Granted a Pre-Motion Conference for its Rule 12(c) Motion

As set forth in Plaintiff's latest complaint, this action was filed under the Fair Labor Standards Act ("FLSA"). The action asserts federal jurisdiction pursuant to 28 U.S.C. § 1331 (federal questions jurisdiction) and under 29 U.S.C. §§ 216(b), (c), and 217.

However, a defendant company is only subject to claims under the FLSA if: (i) the company is engaged in interstate commerce or the production of goods for interstate commerce; and (ii) the company has an annual gross volume of sales in excess of $500,000.

In this case, EK Premier was a local parking garage in Rego Park, New York. Plaintiff operated the establishment and hired (and paid) his own employees.  EK Premier obtained a lease with the landlord when Defendant EZ Parking Corp. went out of business and held same from March 2021 through March 2023.  EK Premier earned $104,040.00 in 2021, $129,448 in 2022, and only operated for three (3) months in 2023 such that it could not earn anywhere near the $500,000.00 required to establish enterprise coverage. Similarly, as the operator of a local parking garage for a condominium building, Plaintiff was not individually engaged in interstate commerce as he only dealt with local residents.  EK Premier is therefore not subject to the FLSA in that it does not have $500,000.00 of gross sales—nor is the parking garage or its employee(s) engaged in interstate commerce. Numerous courts have held as much.

A claim under the FLSA, requires that Plaintiff establish that EK Premier was engaged in interstate commerce. See Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) ("Engagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement."); see also 29 U.S.C. § 207(a)(1) (employees "engaged in commerce or in the production of goods for commerce" are entitled to overtime compensation at "one and one-half times the regular rate at which [they are] employed").

The 4AC alleges that "the parking garage operated by EK Premier involved the parking of automobiles that were, upon information and belief, produced for commerce in states other than New York, and also automobiles that were moved from states other than New York to New York by people visiting New York for the day and/or attending events in the state, and vehicles that travelled to New Jersey and Connecticut, among other states." See 4AC ¶ 16. On its face, this allegation is conclusory, insofar as it merely restates the statutory definition of enterprise coverage without providing additional factual support.  See Ventura v. Putnam Gardens Parking Corp., No. 20-CV-119 (JGK) (VF), 2023 WL 3603589, at *4–5 (S.D.N.Y. Mar. 20, 2023), report and recommendation adopted, No. 20-CV-119 (JGK), 2023 WL 3601649 (S.D.N.Y. May 23, 2023), amended, No. 20-CV-119 (JGK), 2023 WL 3633443 (S.D.N.Y. May 24, 2023).  Further, allegations made upon information and belief are insufficient to carry the day.  Indeed, in the Second Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule"). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CV-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly unless plaintiff can point to some facts that make the allegations more than pure speculation").  It is also not inferable from the allegations in the complaint that the Plaintiff at the parking garage would have handled goods or materials that moved or were produced in interstate commerce, as could be the case if, for example, the business were a restaurant. See Cabrera v. Canela, 412 F. Supp. 3d 167, 179 (E.D.N.Y. 2019) (explaining that courts in this District have accepted "similarly conclusory allegations of enterprise coverage" where "it may be inferred from the type of business enterprise that it was engaged in interstate commerce").

2

Because the complaint does not provide a sufficient basis from which to conclude that the parking garage's activities fall within the reach of the FLSA, Plaintiff has not established EK Premier's liability under the FLSA.

Accordingly, Plaintiff has failed to sufficiently plead that EK Premier falls within the enterprise coverage prong of the FLSA.

The "'individual coverage' theory" requires Plaintiff to establish that he was "performing work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." See Owusu v. Corona Tire Shop, Inc., No. 09-CIV.-3744 (NGG) (JO), 2010 WL 4791629, at *2 (E.D.N.Y. Nov. 17, 2010) (quoting 29 C.F.R. § 779.103). "Activities that 'simply affect or indirectly relate to interstate commerce' are insufficient to plead individual coverage." See Jones v. SCO Family of Servs., 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (quoting Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014)). For jurisdiction under the individual coverage theory to lie, a "substantial part" of the employee's work must relate to interstate commerce. See Owusu, 2010 WL 4791629, at *2.

In Herrera v. Genao, the Plaintiff argued that individual coverage lies because "Herrera's work as a parking lot attendant caused cars to be both removed from and placed into the flow of traffic, which necessarily had an impact on local traffic, and by extension, interstate commerce." See No. 16-CIV.-4297 (ER), 2018 WL 3323819, at *8 (S.D.N.Y. July 5, 2018). The Court in Herrera did not accept Plaintiff's argument. Id. (finding that "Plaintiff has put forward no evidence that the cars parked in the lot were engaged in interstate commerce. There is simply nothing in the record before the Court that would allow it to conclude that Plaintiff is covered by the FLSA"). The same result must be reached here, as this case is on all fours with Herrera. Accordingly, EK Premier's letter motion for a pre-motion conference should be granted, with a briefing schedule to be set on its anticipated motion to dismiss.

### In the Alternative, Summary Judgment Should be Granted to Dismiss the FLSA Claims

EK Premier also seeks to simultaneously move for summary judgment for the same reasons discussed *supra vis-à-vis* its anticipated motion for judgment on the pleadings given that the parties have completed depositions and there is no genuine dispute over the material facts that EK Premier did not have gross revenues in excess of $500,000.00 or that Plaintiff did nothing more than move vehicles at a local parking garage. As required by the Individual Rules, EK Premier respectfully submits both its Rule 56.1 Statement of Facts as well as Plaintiff's Rule 56.1 Counterstatement of Material Facts. See Individual Rules ¶ 4(B). Plaintiff cannot meet his burden to establish coverage nor overcome the evidence presented by EK Premier by his self-serving testimony. See Page v. Connecticut Department of Public Safety, 185 F. Supp. 2d 149, 152 (D. Conn. 2002) ("The nonmovant, plaintiff, must do more than present evidence that is merely colorable, conclusory, or speculative and must present concrete evidence from which a reasonable juror could return a verdict in her favor"); Haywood v. North Am. Van Lines, Inc., 121 F.3d 1066, 1071 (7th Cir. 1997) ("conclusory allegations and self-serving affidavits, if not supported by evidence in the record, will not preclude summary judgment"); see also Romero v. Jocorena Bakery, Inc., 2010 WL 4781110, *2 (E.D.N.Y. Nov. 23, 2010) (holding it is the plaintiffs' burden to establish that the employer earned the minimum annual revenue to qualify its employees for FLSA coverage).

For the foregoing reasons, EK Premier's requests for a pre-motion conference should be granted.  Further, should the Court prefer it, EK Premier is prepared to brief the Rule 12(c) motion and file its Rule 56 motion separately.

EK Premier thanks this Court for its time and attention to this case.

Dated: Jamaica, New York
　　　May 2, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**SAGE LEGAL LLC**

　　　　　　　　　　　　　　　　　　 _/s/ Emanuel Kataev, Esq._
　　　　　　　　　　　　　　　　　　Emanuel Kataev, Esq.
　　　　　　　　　　　　　　　　　　18211 Jamaica Avenue
　　　　　　　　　　　　　　　　　　Jamaica, NY 11423-2327
　　　　　　　　　　　　　　　　　　(718) 412-2421 (office)
　　　　　　　　　　　　　　　　　　(917) 807-7819 (cellular)
　　　　　　　　　　　　　　　　　　(718) 489-4155 (facsimile)
　　　　　　　　　　　　　　　　　　emanuel@sagelegal.nyc

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*EK Premier Services LLC*
Enclosures.

**VIA ECF**
Law Offices of Vincent E. Bauer
<u>Attn</u>: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
(212) 575-1517 (office)
vbauer@vbauerlaw.com

*Attorneys for Plaintiff*
*Edgar Sanchez*