## LAW OFFICES OF VINCENT E. BAUER

**425 Madison Avenue, 17th floor**            **Tel:  212-575-1517**
**New York, NY 10017**

Vincent E. Bauer
Barbara Meister Cummins

VIA ECF

January 5, 2026

The Honorable Ann M. Donnelly
United States District Court, EDNY
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re:  Sanchez v. EZ Parking, et al., 23 cv 4052

Dear Judge Donnelly:

The Plaintiff in this action, along with Defendant EK Premier, jointly request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is filed herewith as Exhibit 1.

Plaintiff, a former parking valet for Defendant, sued for unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages and notice violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. and the New York Labor Law ("NYLL").

Plaintiff believes that, if he were to prevail on his claims, inclusive of notice damages and liquidated damages, the total award amount would be approximately $146,000. If Defendant prevailed on its defenses, Plaintiff would be entitled to nothing. Defendant EK Premier Services LLC ("EK Premier") respectfully submits that Plaintiff's inflated damages calculation is based on a period of employment with defaulting defendant EZ Parking Corp.  Defendant EK Premier engaged the Plaintiff to work for solely a two (2) year period, and – given this reduced period – Plaintiff's range of recovery as to EK Premier was substantially less, i.e., $28,240.50.

The settlement agreement provides that Plaintiff will receive a total of $55,000 to settle his wage and hour claims (minus applicable taxes and withholdings), and that that amount will be allocated as follows: Plaintiff will receive a total of $34,612.17 and (2) Plaintiff's counsel will receive $20,387.83, including $3081.75 in reimbursed expenses. The foregoing settlement was reached after protracted settlement discussions, and a fulsome mediation session. The negotiations were "arms-length".

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-

471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."  Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair.  Although Plaintiff's recollections of his hours worked are sufficient to prove the hours that he worked, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder.  Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.  Additionally, EK Premier had defenses related to Plaintiff's alleged status as an independent contractor, and the question of the Court's jurisdiction over this action has been hotly contested.

The settlement provides, with certainty, that Plaintiff will receive nearly all of his alleged unpaid wages. If Defendants' defense is given credence, Plaintiff would recover nothing. Given the sharp divisions in the parties' version of events, the fact that several trial witnesses would have an interest in the outcome, and the limited documentary evidence available, this range of recovery is reasonable. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.

We also believe that the amount of the settlement monies payable to Plaintiff's counsel is reasonable.  Plaintiff and I had a contingency fee arrangement (our retainer agreement is attached as Exhibit 2) that provided for my firm to receive 1/3 of monies recovered on his behalf, after repayment of out-of-pocket expenses incurred by me.  Those expenses were: $2371.75 for two deposition transcripts; a $410 filing fee; and a $300 mediator fee.

That arrangement is abundantly fair to Plaintiff.  In that regard, I have expended 114.3 hours in connection with this action.  See accompanying time records annexed hereto as Exhibit 3.  Dividing the total to be paid to my firm in connection with this case, $17,306 by 114 would result in an hourly rate of $152 dollars per hour (not considering the hours expended by my paralegals).  My regular rate for hourly clients is $750 per hour, and clients regularly pay me at that rate.  Additionally, my understanding is that attorneys in this district are regularly paid more than $600 per hour for their services in connection with similar matters.  I have practiced law for over 36 years, and have handled more than fifty wage and hour cases.  My paralegals who worked on this case, in all, worked approximately 22 hours on the case.

Accordingly, the parties jointly request approval of the settlement agreement. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

As an additional matter, we wish to clarify that EZ Parking Corporation and EK Premier are distinct entities

Respectfully submitted,

s/

Vincent E. Bauer

EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGAR SANCHEZ,

                                       Plaintiff,

           -against-

EZ PARKING CORPORATION, EK PREMIER
SERVICES LLC, and YAN MOSHE, individually,

                               Defendants.
------------------------------------------------------------------X

**Case No.:** 1:23-cv-4052 (AMD) (VMS)

**SETTLEMENT AGREEMENT**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff EDGAR SANCHEZ ("Plaintiff") on the one hand and, EK PREMIER SERVICES LLC, on the other hand ("Defendant").

WHEREAS, Plaintiff alleges that he worked for Defendant as an employee;

WHEREAS, Defendant denies that it employed the Plaintiff;

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Case No. 1:23-cv-4052 (AMD) (VMS) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws against Defendant;

WHEREAS, Defendant denies any violation of federal and state wage and hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff, and denies that Defendant employed Plaintiff;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.** Defendant shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendant through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Fifty-Five Thousand Dollars ($55,000.00) (the "Settlement Amount") to be paid to Plaintiff's attorneys within thirty (30) days of settlement approval. The payments shall be made on the following terms:

(a)     All payments set forth above shall be delivered to the office of Vincent Bauer, Esq., 425 Madison Avenue, 3rd Floor, New York, NY 10017-1109, or such other address provided in writing to Defendant's counsel by Plaintiff's counsel.

(b)     It is understood by the parties that a check in the amount of Thirty-Four Thousand Six Hundred Twelve Dollars and 17/100 Cents ($34,612.17) of the total sum will be issued to EDGAR SANCHEZ and a check in the amount of Twenty Thousand Three Hundred Eighty Seven Dollars and 83/100 Cents ($20,387.83) will be issued to counsel for Plaintiff, Vincent Bauer, Esq., as attorneys' fees, costs, and disbursements in connection with this matter.

(c)     The Parties agree that all monies paid to Plaintiff (and his Counsel) shall be reported via Forms 1099, which shall be delivered toPlaintiff's Counsel.  The Company will issue a 1099 form to Plaintiff's Counsel representing the amount of monies paid to Plaintiff's Counsel by the Company. Plaintiff represents that no tax advice has been given to him by Released Parties, as defined *infra*, or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments.

(d)     The Plaintiff agrees and affirms that the  Settlement Payment  shall constitute the entire amount of monetary consideration provided to him and his legal counsel, and that Plaintiff will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of the Plaintiff's relationship with the Company.

(e)     Plaintiff agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Company.

(f)     Plaintiff agrees and acknowledges that Defendant and their counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received by Plaintiff pursuant to this Agreement. Plaintiff further agrees that the allocation and characterization of the amounts comprising the Settlement Amount were made by Plaintiff. Plaintiff must ensure that all taxes related to their respective payments described above in this Agreement are paid.  In the event of a tax assessment by any federal, state or local taxing authority, with respect to any alleged failure to make all required employee-side deductions or employee-side withholdings from the sums to be paid to a Plaintiff and their attorney under this Section 2 of this Agreement, that Plaintiff shall fully pay the assessment, including additional taxes, interest, penalties, and/or other liabilities or costs. Plaintiff indemnifies and holds Defendant harmless for any tax liabilities relating to the payment of the Settlement Amount.  Defendant shall use best efforts to provide written notice of any applicable assessment to Plaintiff's attorney at: "Attn: Vincent E Bauer, Esq., Law Offices of Vincent E. Bauer, 425 Madison Avenue, 17th Floor, New York, NY 10017-1109" as soon as Defendant becomes aware of it.  The parties agree not to initiate any inquiry with any federal, state, or local tax authority.

2

3.     **Mutual General Release of Claims by Parties.**

a.          In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiff, on his own behalf and on behalf of his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waives, releases and discharges the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees" or "Released Parties") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiff's execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, that Releasor may have, have ever had against Releasees, including but not limited to those arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim.

b.          Plaintiff further agrees and acknowledges that Releasors are giving up any rights or claims which Releasors may have against Releasees under numerous laws and regulations, including but not limited to, those regulating employment, whether on the federal, state, or local level, including, but not limited to:

(i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

3

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

c.    Specific Release of ADEA and OWBPA Claims.  In further consideration of the benefits provided to Plaintiffs in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations.  By signing this Agreement, Plaintiffs hereby acknowledge and confirm that they each: (i) have read this Agreement in its entirety and understands all of its terms; (ii) have been advised of and availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assent to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) are executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) were given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although they each may sign it sooner if desired; (vi) understand that they each have seven (7) days from the date they sign this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 18211 Jamaica Avenue, Jamaica, NY 11423-2327 by overnight delivery before the end of such seven-day period; (vii) understand that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he signs this Agreement; and (viii) in entering into this Agreement, agree and acknowledge that they are not relying on any representation, promise, or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

d.    Defendant, on its own behalf and on behalf of Releasees, irrevocably and unconditionally fully and forever waives, releases and discharges Plaintiff and Releasors from any and all claims, demands, actions, causes of action, obligations, judgments, rights, fees, damages, debts, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Defendant's execution of this

4

Agreement. This mutual release and waiver of claims shall not be construed to impair either party's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar either party from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement (except for E.R.I.S.A. claims for vested benefits), each party agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on their respective behalves, either individually or as part of a collective action, by any governmental agency or other third party.

5.     **Plaintiff's Representations and Warranties.**    Plaintiff hereby represents, warrants, acknowledges, and affirms as follows, solely as to themselves:

a.     that Plaintiff has not filed nor permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Company with any local, state, or federal court or administrative agency other than the Lawsuit;

b.     that he has been paid and have received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

c.     that he has no known workplace injuries or occupational diseases and have been provided and/or have not been denied any leave requested under the Family and Medical Leave Act (hereinafter the "FMLA");

d.     that he is no longer employed by any Defendant and has no desire to be employed by any Defendant; and

e.     that he shall cause the Lawsuit to be dismissed with prejudice in accordance with this Agreement.

5.     **No Admission of Wrongdoing.**    This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims. This Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement. This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

6.    **Dismissal of the Litigation.**  After the monies reserved under this Agreement have been paid, a Stipulation of Voluntary Dismissal, annexed hereto as Exhibit B, shall be filed in accordance with Rule 41 of the Federal Rules of Civil Procedure, dismissing the action in full.

7.    **Response to Subpoena.**  Plaintiff agrees that, in the event that they are subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to his prior employment with Defendant, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendant and, if possible, will make no disclosure until Defendant have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

8.    **Court Approval.**  The parties will use best efforts to seek court approval of this Agreement.

9.    **Modification of the Agreement.**  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendant.

10.    **Acknowledgment.**  The parties acknowledge that they have been fully and fairly represented by counsel in this matter.  Plaintiff and Defendant acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11.    **Notices.**  Notices required under this Agreement shall be in writing and shall be deemed given on the third business day following first-class mailing, email, or facsimile transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:
Law Offices of Vincent E. Bauer
Attn: Vincent E. Bauer, Esq.
425 Madison Avenue, 17th Floor
New York, NY 10017-1109
vbauer@vbauerlaw.com

To Defendant:
Sage Legal LLC
Attn: Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

12.    **Governing Law.**  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

13.    **Severability.**  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14.    **Release Notification.**  Plaintiff acknowledges that he has consulted with Vincent E. Bauer, Esq. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney.  Plaintiff confirms that this Settlement Agreement and Limited Release have been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily

15.    **Counterparts.**  To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. A facsimile or portable document format or other electronic version of an executed copy of the Settlement Agreement shall be accepted and enforceable as if it were an original.

16.    **No Waiver.**    Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

17.    **Representation by Counsel and Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto as to the Plaintiff's claims, and fully supersedes any and all prior discussions, agreements, or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

7

18. **Voluntary Agreement.** By signing in the space provided below, Plaintiff agrees and affirms that:

    a.    This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    b.    Plaintiff was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

    c.    No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

    d.    Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

    e.    Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**WHEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

---

**EK Premier Services LLC**

By:_____      DATE: _____/_____/_____
**By: Emanuil Kalendarev**
**Its: Member**

---

_____      DATE: _11_/_17_/_2025_
Edgar Sánchez

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF NEW YORK  )

> Notary Public State of Florida
> Harold Lopez
> My Commission HH 235512
> Expires 6/28/2026

    On the _17_ day of _November_, 2025 before me personally appeared Edgar Sanchez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

8

a.      This Agreement is legally binding, and by signing it, Plaintiff understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

b.      Plaintiff  was given at least twenty-one (21) days to review, consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

c.      No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Plaintiff to enter into this Agreement, and Plaintiff has not been forced or pressured in any way to sign this Agreement; and

d.      Through this Agreement, Plaintiff is releasing all of the Releasees from any and all wage and hour claims that he may have against the Company in exchange for the Settlement Payment described herein;

e.      Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

**WHEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

---

**EK Premier Services LLC**

By: _Emanuil kalend (Jan 4, 2026 21:31:46 EST)_                    DATE: _____Jan 4, 2026_____/_____/_____

**By: Emanuil Kalendarev**

**Its:  Member**

---

_____                    DATE: _____/_____/_____

**Edgar Sanchez**

STATE OF NEW YORK        )
                                          ) ss.:
COUNTY OF NEW YORK  )

On the _____ day of _____, 2025 before me personally appeared Edgar Sanchez personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

EDGAR SANCHEZ,

                             Plaintiff,

        -against-

EZ PARKING CORPORATION, EK PREMIER
SERVICES LLC, and YAN MOSHE, individually,

                          Defendants.
---------------------------------------------------------------X

**Case No.:** 1:23-cv-4052 (AMD) (VMS)

**<u>STIPULATION OF VOLUNTARY
DISMISSAL</u>**

      **WHEREAS**, the Court having reviewed the submissions of counsel, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

      **NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

      1.    The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

      2.    The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims;

      3.    This case, including all claims asserted by the Plaintiff herein, is hereby dismissed with prejudice, without costs to either party as against the other, except as provided in the Settlement Agreement;

      4.    Each party shall bear its own costs, expenses, and attorneys' fees, except as otherwise expressly agreed in writing by the parties in the Settlement Agreement.

Dated:    New York, New York
                  _____, 2025

_____
Emanuel Kataev, Esq.
Sage Legal LLC
18211 Jamaica Avenue
Jamaica, NY 11423
(718) 412-2421
emanuel@sagelegal.nyc

_____
Vincent E. Bauer, Esq.
Law Offices of Vincent E. Bauer
425 Madison Avenue, 3rd Floor
New York, NY 10017-1109
(212) 575-1517
vbauer@vbauerlaw.com

                               _____
                               **SO ORDERED**

EXHIBIT 2

# LAW OFFICES OF VINCENT E. BAUER

425 Madison Avenue, 17th floor                                    Tel: 212-575-1517
New York, NY 10017

March 27, 2023

Mr. Edgar Sanchez

Re:     Edgar Sanchez's employment with EZ Parking Corp.

Dear Mr. Sanchez,

This will confirm the terms of the retainer agreement between you and the Law Offices of Vincent E. Bauer ("the Firm") in the above-referenced matter. This letter supersedes any earlier oral or written agreements.

## Scope of Representation

Specifically, you have asked the Firm to recover unpaid minimum wages and unpaid overtime from your former employer, EZ Parking Corp.

The Firm will evaluate your case and will, where appropriate: (1) become familiar with the facts of the case, (2) review documents, (3) perform legal research, (4) draft correspondence, (5) keep you apprised of developments, and (6) speak to the company or its representative to discuss the matter. You understand that this is merely an illustrative list of possible actions that we may perform and that in your particular representation the Firm might not do everything illustrated or might do something not illustrated.

You acknowledge that the Firm is representing you solely in connection with the above-referenced claims and not in connection with any other matter or dispute you may have with the company.

## Contingency Fee

You acknowledge that you have been offered the opportunity to pay the Firm on an hourly basis for our legal representation but declined to do so. Instead, you asked for us to represent you on a contingency basis.

The Firm will be responsible for all the expenses for the above reference-matter. In the event of a pure monetary recovery, you will pay the firm a contingency fee of 1/3 as compensation for representing you in the matter minus the expenses covered for the firm. This contingency fee is calculated against any recovery you may receive in connection with the matter by way of a settlement, judgment, prepayment or otherwise, whether or not you resolve any or all portions of your claims.

## Reimbursement of Other Costs

You understand that the Firm may have to pay certain costs in order to properly represent you. Such expenses include, but are not limited to, filing fees, witness or expert fees, deposition and court transcripts, messenger service, express mail, travel and photocopying. You authorize the Firm to incur these costs and expenses and to make any necessary disbursements, therefore. You agree to reimburse the firm for all out of pocket costs incurred in the event that there is a recovery. We know that clients are concerned about reimbursable expenses and we take seriously our obligation to control these costs.

## Termination of Services

You may terminate your relationship with the Firm at any time you wish, for any reason whatsoever, provided you do so in writing delivered to the Firm to the attention of Vincent Bauer. We have the right to withdraw as your attorneys at any time and for any reason whatsoever, but only, in our case, after giving reasonable notice to you in writing delivered to your last known home address. In addition, any such withdrawal by us would also be subject to the ethical restrictions imposed by the applicable Ethical Rules that govern our professional conduct. If this agreement is terminated by any party, you agree to that you will still be liable for fees and costs incurred until the date of the termination.

If this agreement is terminated, you also agree to keep the firm apprised of future developments in this matter and concerning your claims in this matter. You agree to notify the Firm in writing of any settlement offered to you before it is accepted by you and/or any monetary recovery awarded to you before it is received by you.

After our representation is concluded, you may request copies of your files, for which we may charge you the actual cost of any applicable transportation fees and other costs for time and expenses, subject to the Rules of Ethics. Please be advised however that, by law, the Firm may have the right to exercise a retaining lien on such files until you have paid all outstanding costs and fees owed to this Firm.  We will maintain all records concerning the receipt, maintenance and distribution of client funds for six years from the date of this letter. The rest of your file will be kept by the Firm for a minimum period of one year, and at the end of that period the Firm shall have the right to destroy it.

## Responsibilities of Attorney and Client

We will only be providing legal services to you in connection with this engagement. You are not relying on us for, and we are not providing, any business, insurance, tax or accounting advice or any investigation of the character or credit of persons with whom you may be dealing. Furthermore, in the event of a recovery, you will need to seek the advice of your own tax counsel, as our Firm cannot provide tax advice to you.

In order for us to effectively and efficiently assist you, we believe you should be actively involved.  We will keep you informed of developments regarding your legal

matters and will consult with you as necessary to ensure the timely, effective and efficient completion of our work. We expect that you will provide us with the factual information you have which relates to the subject matter of our engagement, that you will be honest and truthful with us, and that you will make any and all appropriate business or technical decisions. In addition, we encourage you to share with us at all times your expectations and any concerns regarding our services throughout the course of the representation. Furthermore, you agree to advise us of any changes to your address, telephone number, cell phone number, and e-mail address.

### No Guarantee

We will, at all times, act on your behalf to the best of our ability. Please be advised that any expressions on our part concerning the outcome of any matters are expressions of our best professional judgment but are not guarantees. You recognize that no results have been guaranteed to you and that this engagement letter is not based upon any such promises or anticipated results.

### Document Preservation

In the event of a court action, you will likely be required to provide document discovery or make disclosures of documents/information that are potentially relevant to this proceeding. The obligation to provide discovery of documents carries with it the obligation to preserve it. Failure to preserve both hard copies and electronic information that is later determined to be of potential relevance to pending litigation may result in a range of sanctions, including in extreme cases the sanction of an adverse judgment.

Here, you must preserve all relevant documents and data pertaining to your employment. Specifically, you must take reasonable steps to see that sources of relevant information are identified, and the information is stored in a safe place. This means that you are required to preserve the information in your possession, custody or control, to the extent it relates to your case. Please call me to discuss this issue further.

In general, a party's obligation to provide discovery or make disclosures does not depend on the form in which the information is kept and encompasses both electronic information and information that is in a more tangible form, including video recordings and tape recordings. The retention of paper documents (time sheets, telephone logs, notes, memos to the file, etc.) is relatively straightforward. However, the retention of electronic information is more complicated, and its importance is frequently overlooked. It is important that you take appropriate steps to ensure that, to the extent not already destroyed pursuant to routine document retention policies, electronic data (including e-mails and instant messages) that may be relevant is not lost, modified, altered, deleted or destroyed. (Any of your programs or practices for deletion or overwriting of data should be suspended to ensure that relevant data is not destroyed).

You should take steps immediately to preserve electronic evidence. Of course, the specific manner in which you ensure the preservation of electronic evidence will depend

on the particular facts of the case and the manner in which you store and maintain electronic information. Towards that end, we would like you to see if you have maintained any electronic files regarding your employment. If electronic files exist, we must establish a plan for the preservation of such electronic evidence.

**Conclusion**

We request that you review this letter carefully and, if it is consistent with your understanding of our respective responsibilities, please sign below and return the signed copy to me at your earliest convenience in the enclosed self-addressed stamped envelope.

Attached to this letter please find two documents, one entitled "Declaration of the Client's Rights" and another entitled "Declaration of the Client's Responsibilities". These documents establish the obligations between the lawyers and the clients in the state of New York. In the case that you do not oblige with the obligations outlined in the Declaration of Client Responsibilities, we reserve the right to terminate our agreement with you and to retract our representation.

We look forward to working with you. Please call me if you have any questions concerning anything outlined in this letter or any other aspect of our engagement.

If the foregoing is acceptable to you, please sign in the space provided below and return the signed copy to my attention at the address above.

THE LAW OFFICES OF VINCENT E. BAUER

By: s/ *Vincent E. Bauer*

ACKNOWLEDGED AND AGREED:

I have read the foregoing letter and I understand it. I acknowledge that I have had the opportunity to reflect upon the contents of this engagement letter and that I agree with its terms and conditions.

Dated: Mar 27, 2023

Signature: Edgar sanchez (Mar 27, 2023 12:26 EDT)

Print Name: Edgar sanchez

4

# Statement of Client's Rights
Section 1210.1 of the Joint Rules of the Appellate Division amended April 15, 2013
(22 NYCRR §1210.1)

1.  You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and non-lawyer personnel in your lawyer's office.

2.  You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. (Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.

3.  You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4.  You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5.  You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.

6.  You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7.  You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. (Court approval of a settlement is required in some matters.)

8.  You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9.  You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.

10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

5

## Statement of Client's Responsibilities
(Informational Statement Adopted by the New York State Bar Association)

1.  The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2.  The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3.  The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.

4.  All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.

5.  A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.

6.  Although the client should expect that his or her letters, telephone calls, emails, faxes, and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.

7.  The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request by the lawyer for information and cooperation.

8.  The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.

9.  The lawyer may decline to accept a matter if the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.

10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.

6

EXHIBIT 3

| DATE | DESCRIPTION | HOURS |
|------|-------------|-------|
| 3-21-23 | Teleconferences with client, intern | .8 |
| 3-28 | Review complaint, spreadsheet | 1.1 |
| 4-4 | Finalize complaint; prepare demand letter | .8 |
| 5-30 | Revise complaint | .7 |
| 6-1 | Prepare summons and cover sheet; file pleadings | 1.5 |
| 6-21 | Review answer; attention to service | .8 |
| 8-1 | Attention to service, FOIL issues | .9 |
| 8-7 | Attention to service | .3 |
| 8-28 | Attention to discovery issues | .4 |
| 8-29 | Prepare protocol document; attention to ownership investigation | 2.0 |
| 9-6 | Prepare letter to court | .3 |
| 9-19 | Attention to new defendant issue | .4 |
| 9-28 | Attention to settlement, damages calculations | .6 |
| 10-3 | Review spreadsheets | .7 |
| 10-4 | Correspondence regarding settlement | 1.5 |
| 10-10 | Revise complaint | .4 |
| 10-31 | Attention to status report | .8 |
| 11-2 | Attention to scheduling | .3 |
| 11-10 | Teleconference regarding settlement; prepare for same | .7 |
| 12-27 | Prepare discovery requests | .6 |
| 1-17 | Prepare opposition letter | 3.6 |
| 1-23 | Attention to discovery | .9 |
| 1-25 | Prepare discovery requests | 1.4 |
| 1-29 | Prepare discovery responses | 2.3 |

| Date | Description | Hours |
|------|-------------|-------|
| 2-8 | Court appearance | 1.8 |
| 2-15 | Amend, file complaint | .3 |
| 2-23 | Prepare discovery responses | 2.8 |
| 2-28 | Prepare discovery responses | 1.2 |
| 3-12 | Prepare deficiency email; teleconference with client | 1.7 |
| 3-20 | Teleconference with counsel; attention to jurisdiction issue | 1.7 |
| 3-22 | Prepare deposition notices | 1.4 |
| 3-25 | Research jurisdictional issues | .8 |
| 3-29 | Attention to letter to court, discovery | .9 |
| 4-11 | Prepare letter to court | 1.1 |
| 4-19 | Prepare subpoenas | 1.3 |
| 5-3 | Attention to depositions | .9 |
| 5-9 | Prepare letter to court | .4 |
| 5-14 | File motion | .3 |
| 5-21 | Court appearance; prepare for same | 4.6 |
| 5-28 | Teleconference with counsel; amend complaint | .8 |
| 6-14 | Prepare letter to court | .4 |
| 6-18 | Attention to letter motion | 1.0 |
| 7-19 | Prepare for court appearance | 1.6 |
| 8-1 | Court teleconference; prepare for same | 1.6 |
| 8-2 | Attention to discovery, motion issues | 2.2 |
| 8-3 | Attention to garage layout issues | 1.3 |
| 8-6 | Teleconference with client | 1.1 |
| 8-13 | Prepare amended complaint | 1.1 |
| 8-19 | Prepare updated discovery requests | .7 |
| 8-21 | Prepare witness disclosures | 1.3 |

| 8-29 | Teleconference regarding discovery responses | .8 |
| 9-3 | Attention to discovery | 1.8 |
| 9-6 | Prepare subpoenas; finalize production | 1.2 |
| 9-9 | Deposition preparation | 4.7 |
| 9-12 | Deposition | 10.2 |
| 9-15 | Deposition preparation | 5.4 |
| 9-17 | Conduct Kalendarev deposition | 5.4 |
| 10-2 | Attention to garage issues | .6 |
| 1-9 | Prepare letter regarding discovery | .4 |
| 2-3 | Attention to extension issues | .3 |
| 3-31 | Emails with counsel; prepare for same | .4 |
| 4-1 | Prepare court letter | .7 |
| 4-9 | Attention to Rule 56.1 statement | 1.4 |
| 4-21 | Prepare Rule 56.1 responses | 4.9 |
| 4-29 | Prepare Rule 56.1 responses | 2.2 |
| 5-5 | Prepare letter regarding motions | 2.4 |
| 5-8 | Revise and finalize letter | 1.8 |
| 7-8 | Court appearance | 2.0 |
| 8-18 | Prepare mediation statement | 3.5 |
| 9-5 | Mediation | 2.7 |
| | Total hours | 114.3 |