UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

EDGAR SANCHEZ,                                            :
                                                         :
                              Plaintiff,                  :        **REPORT AND**
                                                         :        **RECOMMENDATION**
            -against-                                     :
                                                         :        23 Civ. 4052 (AMD) (VMS)
EZ PARKING CORPORATION, EK PREMIER SERVICES              :
LLC, and YAN MOSHE, individually,                        :
                                                         :
                              Defendants.                 :
------------------------------------------------------------------------- x

**Vera M. Scanlon, Chief United States Magistrate Judge:**

This Court respectfully recommends that the motion for approval of the parties'

settlement agreement, "Motion," ECF No. 65, be granted as fair and reasonable pursuant to

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

When conducting a Cheeks review of settlements of claims brought pursuant to the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., courts address (1) whether a settlement

is fair and reasonable, in view of the Wolinsky factors; (2) whether the attorneys' fees and costs

sought are reasonable; and (3) whether a settlement runs afoul of any additional Cheeks

concerns.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Here,

these factors weigh in favor of approving the parties' agreement as set forth in their "Settlement

Agreement."  ECF No. 65 at 5-13.

The first Wolinsky factor is "the plaintiff's range of possible recovery."  Wolinsky, 900 F.

Supp. 2d at 335 (citations omitted).  Here, Plaintiff's suggested range of possible recovery for his

claims asserted pursuant to the FLSA extends up to $146,000, which is Plaintiff's estimated

maximum possible recovery.  See "Joint Ltr." at 1, ECF No. 65 at 1-4.  Defendant contends,

however, that this amount is "inflated" because it "is based on a period of employment with

1

defaulting defendant EZ Parking Corp."[1]  Id.  Defendant reasonably argues that it cannot be held responsible for any of the time during which Plaintiff was allegedly employed with EZ Parking Corporation.  See id.  Defendant contends that, were it liable for Plaintiff's alleged period of employment with Defendant, Plaintiff could recover $28,240.50 at most.  See id.

The Settlement Agreement provides that Defendant will pay Plaintiff and his counsel a total of $55,000.00: $34,612.17 to Plaintiff and $20,387.83 to Plaintiff's counsel for his attorneys' fees and costs.  See id.; Settlement Agmt. ¶ 1.  This recovery "provides, with certainty, that Plaintiff will receive nearly all of his alleged unpaid wages."  See Joint Ltr. at 2.  The Court finds that this amount constitutes a very significant recovery for Plaintiff, given the substantial factual disputes between the parties.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses."  Wolinsky, 900 F. Supp. 2d at 335 (citations & quotations omitted).  Defendant has raised a bona fide dispute about the term of Plaintiff's employment with Defendant as well as to whether Plaintiff was ever Defendant's employee, rather than an independent contractor.  See Joint Ltr. at 2.  Moreover, the "limited documentary evidence available" would require "several trial witnesses" to determine whether Plaintiff has any liability against Defendant and, if so, what any amount of Plaintiff's recovery would be.  See id.  This Court finds, therefore, that the parties' settlement enables them to avoid substantial litigation burdens in resolving Plaintiff's claims.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," Wolinsky, 900 F. Supp. 2d at 335 (citations omitted), Plaintiff faces significant risks in

---

[1] Defendant EZ Parking Corporation did not appear in this action and was voluntarily dismissed by Plaintiff.  See ECF No. 68.

pursuing further litigation, given the factual disputes as to the term of Plaintiff's employment with Defendant and as to whether Plaintiff was ever Defendant's "employee" for purposes of the FLSA, as well as Plaintiff's lack of substantial documentary evidence.  The Court's perspective is that the Settlement Agreement provides an excellent recovery given that Plaintiff could very possibly recover nothing given the testimonial disputes between the parties.  The parties' settlement helps them avoid such litigation risks.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," Wolinsky, 900 F. Supp. 2d at 335 (citations & quotations omitted).  Here, both parties were represented by counsel and reached a settlement pursuant to Court-annexed mediation, see ECF No. 58, which gives assurance that this settlement was achieved through a fair process.  The final factor is the possibility of fraud or collusion, Wolinsky, 900 F. Supp. 2d at 335 (citations omitted); any such possibility is minimal here, as the Settlement Agreement arose from Court-annexed mediation with both parties represented by counsel, and resulted after more than two years of litigation.

The attorneys' fees and costs outlined in the Settlement Agreement are also reasonable. See Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020) (citations omitted).  The Settlement Agreement provides for the payment to counsel of $17,306.08 for attorneys' fees and $3,081.75 for costs, from the total settlement amount of $55,000.00.  See Joint Ltr. at 1.  In view of the services rendered by Plaintiff's counsel, the apportionment of one third of the settlement amount, after allocation of costs, is reasonable.  See Quispe v. Stone & Tile Inc., 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) (noting that "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit") (citations & quotations omitted).  In light of the 114.3 hours that Plaintiff's counsel states that counsel expended on this matter, the effective hourly rate for

Plaintiff's counsel's fees is $152, which is a very reasonable (and below-market) rate for an attorney with over 36 years of experience. See generally Joint Ltr.; Attorney Hours, ECF No. 65 at 23-25. The Court does not opine whether all of these hours were necessary to achieve the resolution, but it finds that the work covered by $20,387.83 was reasonably necessary to secure this Settlement Agreement.

Moreover, the Settlement Agreement does not contain any of the problematic provisions outlined in Cheeks or its progeny that might preclude approval of otherwise acceptable agreements, such as highly restrictive confidentiality agreements, unsupported attorneys' fee awards, and restrictions on attorneys' future representations. See Cheeks, 796 F.3d at 206.

Although the Settlement Agreement provides for a mutual general release, see Settlement Agmt. ¶ 3, which are generally proscribed by Cheeks, see, e.g., Ruiz v. MAP Foods Inc., No. 24 Civ. 2257 (JMW), 2024 WL 4350619, at *2 (E.D.N.Y. Sept. 30, 2024), the parties explained on the record that Plaintiff seeks to waive any and all claims against Defendant so that Defendant waives any and all claims it could assert against Plaintiff, which include "theft of a car," and claims arising from Defendant's allegation that Plaintiff "operated a business of his own." See Tr. 1/15/2026 Fairness Hr'g 11:18-25, ECF No. 71. The Court finds, therefore, that such a release here is not prohibited by Cheeks and, in fact, works to Plaintiff's benefit given these allegations of serious misconduct.

For the above reasons and in light of Plaintiff's statements on the record at the Fairness Hearing, see Tr. 1/25/2026 Fairness Hr'g 14:22-17:8, this Court respectfully recommends that the Settlement Agreement be approved as fair and reasonable pursuant to Cheeks. This Court recommends further that, to allow the parties to comply with the terms of payment, see Settlement Agmt. ¶ 1, the District Court direct the parties to file a fully executed stipulation of

4

dismissal within 45 days of the District Court's adoption of this report and recommendation, if it is adopted.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of its service. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any requests for an extension of time for filing objections must be directed to the assigned District Judge prior to the expiration of the fourteen-day period for filing objections. Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Miller v. Brightstar Asia, Ltd., 43 F. 4th 112, 120 (2d Cir. 2022). Any party who wishes to waive any portion of the fourteen-day objection period should promptly notify the District Judge in writing.

Dated: Brooklyn, New York
     March 25, 2026

*Vera M. Scanlon*
    VERA M. SCANLON
   United States Magistrate Judge